DROBNICKI v. PACKARD MOTOR CAR CO.

NEGLIGENCE—PERSONAL INJURIES—LIABILITY OF MASTER—SCOPE
OF SERVANT'S EMPLOYMENT.

In an action against the owner of a motor truck for personal injuries to a boy six years of age, where the evidence conclusively shows that at the time of the injury the driver of the truck was on business of his own and not that of his employer, the trial judge properly directed a verdict for the defendant.

Error to Wayne; Codd (George P.), J. Submitted June 11, 1920. (Docket No. 65.) Decided December 21, 1920.

Case by Kazmier Drobnicki, an infant, by his next friend, against the Packard Motor Car Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Z. L. Lewandowski,* for appellant.
*John B. Coughlin,* for appellee.

MOORE, C. J. On the 20th day of June, 1918, the plaintiff, a child of six years, was standing in the street in front of his home, about five feet away from a motor truck owned by the defendant and in charge of two of its employees. One of the defendant's employees in charge of the truck at the time in question was the driver, the other was his helper. The driver left his truck for about a minute while he went into the barber shop to talk to a friend, after which the driver ran out of the barber shop and without looking to the rear of the truck, and without giving any warning backed the truck against the plaintiff, causing

On liability of owner when car is being used by another for his own business or pleasure, see notes in 1 L. R. A. (N. S.) 235; 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.

severe and permanent injuries to his foot. This suit was brought to recover for those injuries.

The trial judge directed a verdict in favor of the defendant. We quote from his direction:

"However in that connection there arises another point, and that is, that a master is liable for the negligent acts of his servant only when such negligent act is committed by him while on his master's business, or within the scope of the employment for which he was hired.

"Now, on cross-examination of the driver of this car it developed that the house in front of which he stopped was a place in which there was a room that he was looking at for his own use, and that the place on Milwaukee avenue was several blocks away from the ordinary route to the place to which he claimed he was going on the day and date in question."

For the reason that he thought the driver was on his own business and not the business of his master he directed a verdict and judgment in favor of the defendant. The case is brought here by writ of error.

It may be well to recall some of the testimony. The driver was called under the statute; part of his testimony reads:

"Q. Well, where were you going with this truck on this day?

"A. In the morning I was told—the boss told me, he says, 'Edd, there is no burlap boxes,' the big boxes we got from this here Mount Elliott plant of the Packard Company. I used to get burlap boxes and take them down to the plant. If they were short we had to get boxes—'When you get time get them boxes when you get your yard cleaned up.' When I got the yard cleaned up I forgot the burlap boxes, in the meantime I had a little time in the afternoon; I finished up; towards evening I happened to think of this place on Mount Elliott and I went out through the rear gate on Harper avenue. In the meantime I went down to my friend's place; I wanted to see him a few minutes about a room. So I stopped the truck and went in

there and talked to the fellow a minute. I came right out, looked behind me, no one was behind me; that was on the boulevard; you cannot drive with the truck on the boulevard and the street wasn't wide enough for me to turn around; I therefore wanted to back up to Moran avenue so I turned around and looked back; in the meantime I hit this boy; I don't know how it happened.

"*Q.* You were backing up to go to Mount Elliott to get the burlap boxes, is that it?

"*A.* Yes, sir.

"*Q.* Did you see the boy before this happened?

"*A.* No, sir.

"*Q.* Now, you didn't sound your horn, did you?

"*A.* If I did you couldn't hear it. He was right on top of me. I couldn't hear the horn, it wasn't very good."

On the cross-examination he testified in part:

"*Q.* Now, on this afternoon when you took this truck out and went over to where the accident happened you took the truck out there at that time without any direction from anybody, didn't you?

"*A.* I took the truck to get these boxes. I was told to get these boxes as soon as I cleaned up.

"*Q.* What did you go over to 899 Milwaukee East for?

"*A.* I merely asked a friend of mine—I had some business between him.

"*Q.* Who was the friend?

"*A.* Stanley Machiki in regard to a room—I think his name is.

"*Q.* Where did you see him?

"*A.* In the barber shop.

"*Q.* He was in the barber shop?

"*A.* Yes, sir.

"*Q.* You went over, to see about getting a room for yourself, didn't you?

"*A.* Yes, sir.

"*Q.* Did the foreman know you were gone?

"*A.* Why, he never did know where I was going. * * *

"*Q.* Now, the place you drove out there wasn't in

the direction of this Peter Smith Heater Plant, was it?

"*A.* Peter Smith was on Mount Elliott and Milwaukee, just east of that, or west, I should say, west of Milwaukee off of Mount Elliott.

"*Q.* How far did you drive on Milwaukee?

"*A.* About one long block to Moran.

"*Q.* What is that?

"*A.* About one long block.

"*Q.* Then, did you drive a little short block?

"*A.* Well, yes, sir; 200 feet to that place.

"*Q.* You were over there to see about this room?

"*A.* Yes, sir.

"*Q.* If you had been going direct to the Peter Smith Plant you wouldn't have gone down that direction at all, would you?

"*A.* No, sir."

There is no suggestion in the record that, in order to do the employer's work, he had to go the way he did. It is also shown the city did not allow trucks on the boulevard.

We have not overlooked the cases of *Stapleton* v. *Brewing Co.,* 198 Mich. 170 (L. R. A. 1918A, 916), and *Hatter* v. *Dodge Bros.,* 202 Mich. 97, but think a reading of the opinions therein will show them distinguishable.

The case is controlled by *Brinkman* v. *Zuckerman,* 192 Mich. 624. See, also, 18 R. C. L. p. 798 *et seq.;* L. R. A. 1916A, 957.

The judgment is affirmed, with costs to the appellee.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.