NORD *v.* WEST MICHIGAN FLOORING CO.

1. MASTER AND SERVANT—NEGLIGENCE—MASTER NOT RELIEVED OF LIABILITY BECAUSE SERVANT HAD DISOBEYED ORDERS.

The owner of a motor truck engaged in delivering fuel is not released from liability for personal injuries caused by the negligence of the driver, although the latter would not have been at the place of the accident had he not detoured from the shortest route, in returning from making a delivery, to accommodate two friends to whom he was giving a ride against his orders, since, although he disobeyed his instructions, he was allowed to choose his own route in making deliveries and returning therefrom, and he was not, at the time, on a trip solely for his own business or pleasure, but was, at least in part, about his master's business.

2. SAME—SCOPE OF EMPLOYMENT.

Whether the driver, under the circumstances, was within the scope of his employment, *held,* properly submitted to the jury.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Where testimony by plaintiff tending to show that, in crossing the street, she saw defendant's truck about 15 feet away and stopped in the middle of the intersection with another street to allow it to pass, when, without any warning, it turned, ran into her and injured her, was disputed by the driver, who claimed that plaintiff walked directly in front of the truck, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

4. EVIDENCE—ADMISSIONS—STATEMENTS OF DRIVER MADE LATER NOT ADMISSIBLE AS PART OF RES GESTÆ

It was reversible error to admit testimony by plaintiff that, as they were on their way to the doctor's office, the driver of defendant's truck admitted his negligence, on the theory that it was part of the *res gestæ,* since it was no part thereof.

FELLOWS and WIEST, JJ., dissenting in part.

---

[1]Master and Servant, 39 C. J. §§ 1475, 1477, 1493, 1494; [2]Id., 39 C. J. § 1593; [3]Id., 39 C. J. § 1594; [4]Appeal and Error, 4 C. J. § 2981; Evidence, 22 C. J. §§ 442, 545; Master and Servant, 39 C. J. § 1583.

Error to Manistee; Cutler (Hal L.), J. Submitted January 20, 1927. (Docket No. 136.) Decided June 6, 1927.

Case by Doris Nord against the West Michigan Flooring Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Dovel & Dovel,* for appellant.

*Howard L. Campbell,* and *John E. Campbell,* for appellee.

MCDONALD, J. This is an action to recover damages for personal injuries which the plaintiff claims were caused by the negligence of the defendant. The plaintiff is a young lady, 27 years of age. At the time of the accident she was employed in a store located on the north side of River street in the city of Manistee, Michigan. On the morning of November 2, 1925, she left her home to go to the store. Her way led north on Poplar street and across the intersection of Poplar and River streets. As she reached the intersection she saw one of the defendant's trucks approaching on River street from the east. She stopped between the car tracks at the intersection of the streets, to allow the truck to pass. When it came to a point within 15 feet of her, without warning, it changed its course and turned to go south on Poplar street. Before she could get out of the way it struck her and knocked her down. She claims that she was using due care for her own safety, but that the defendant was negligent because its driver did not give any warning that he was going to change his course; that the truck was not being operated in a reasonably careful manner; that he did not have it under proper control; that he did not keep a lookout as he approached the intersection of the street, and did not observe the plaintiff. The defense was that there

was no negligence on the part of the driver of the truck; that the negligence of the plaintiff was the sole proximate cause of the accident; that without looking she left the sidewalk, took a diagonal course across the street and walked directly in front of and into the truck.   It is further urged in defense of the action that if the driver of the truck were negligent, as the plaintiff claims, the defendant is not liable for the reason that at the time of the accident the driver was not acting within the scope of his employment. On these grounds the defendant moved for a directed verdict, but the court declined to rule that as a matter of law the plaintiff was not entitled to recover, and submitted the case to the jury, who returned a verdict for cause in the sum of $1,500.   The court also refused a motion for judgment *non obstante veredicto,* and entered a judgment on the verdict.   To review this judgment the defendant has brought error.

1. Should the trial court have directed a verdict for the defendant on the ground that at the time of the accident the driver of the truck was not acting within the scope of his employment, was not about his master's business?   The defendant is engaged in the business of manufacturing maple flooring.   The refuse from its product is sold for fuel, which it delivers in a Ford truck to customers about the city of Manistee and its suburbs.   George Nicholson, an experienced automobile driver, was employed by the defendant to drive this truck and deliver the fuel.   He had no other duties.   He was required to report for work at 6:30 o'clock in the morning, get his orders from the office and commence making deliveries.   When his day's work was over he put the truck in the garage until the next morning.   His instructions were that in no event should he carry passengers in the truck. On the morning of the accident he delivered two loads of fuel.   On his way back to the factory after the second delivery he picked up two young lady acquaint-

ances, and for their accommodation took a longer route and drove to the intersection of River and Poplar streets, where the accident occurred. As his deliveries took him into all parts of the city, he was allowed to choose his own course in going to and from the factory; he had no instruction whatever as to routes. His duties occupied him from 6:30 o'clock in the morning until the close of business in the evening. He was a witness on the trial, and testified as follows:

"In making deliveries, in going to and from my place of delivery, I don't have any particular street over which to travel; my employer does not tell me what streets I must use in taking the fuel and coming back; I have always during my employment prescribed and outlined my own course in going to and from my place of delivery; that is my custom now.    *    *    *

"This was all one continuous trip, after I took the second load out of the plant and made delivery, picking up these girls, until I got back there. My work was not interrupted in any manner, except when I stopped to help Miss Nord. I planned to go up Poplar so she (Miss Staff) might get off there, and go around the block and let Miss Stahoviak out; then I was going back to the plant and go right ahead with my work."

In view of these facts, Was the driver acting in the scope of his employment at the time of the accident? Counsel for the defendant strenuously insist that he was not, and in support of their contention cite *Brinkman* v. *Zuckerman,* 192 Mich. 624, and *Eberle Brewing Co.* v. *Motor Co.,* 194 Mich. 140, as being directly in point. Neither of these cases are applicable to the facts in the case before us. In *Brinkman* v. *Zuckerman* the defendant's chauffeur drove him to a place on Brush street in the city of Detroit at 8 o'clock in the evening. He was directed to return for him at 12 o'clock. In the interval his time was his own. He would have been engaged in his master's business while returning to the garage

with his car; but he did not do that.   He drove two and one-half or three miles to the home of his father-in-law where he spent the evening.   This was a total departure from any business of his master.   He had entirely broken the connection between himself and his master, and before there was any reconnection he caused the damage complained of.   The court held that he was engaged exclusively in his own affairs and was not about his master's business.   In *Eberle Brewing Co.* v. *Motor Co., supra,* the accident occurred after the driver had quit working for the day, and while he was operating a car that did not belong to the defendant.

Our attention has not been called to any Michigan authorities directly applicable, though there will be found many where general principles relating to this question are interestingly discussed.   It is not necessary to cite them.   There is another class of cases to which we think the instant case belongs.   They are cases concerning the liability of the master where there is not a total severance of the relation of master and servant, but some deviation by the servant from the strict course of his employment.   Of these perhaps the leading case is *Ritchie* v. *Waller,* 63 Conn. 155 (28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361).   In that case one Blackwell was employed by a farmer to draw manure with a team and wagon from a brewery to his master's farm.   When he was first employed, his route was pointed out to him.   On one of his return trips from the brewery he deviated from his route and drove to a shoemaker's shop on his own business.   He left the horses unhitched while he was engaged in the shop.   They ran away and caused the injury for which damages were sought against the employer.   The court there said:

"In making the detour Blackwell was still in charge of his master's team, though on a roundabout way

238—Mich.—43.

home, carting manure to his master's farm. That was his main purpose and object throughout the entire transaction. In the language of the case last cited (*Quinn* v. *Power*, 87 N. Y. 535 [41 Am. Rep. 392]), even if the motive was some purpose of his own, he was still about his usual employment, although pursuing it in a way and manner to subserve such purpose also."

Another applicable case is *Loomis* v. *Hollister*, 75 Conn. 718 (55 Atl. 561). There the servant was employed to drive a team in the delivery of ice. His employer showed him the specific route to take and directed him to use it on subsequent trips. One day, after making his last delivery, he started on his return to the stables over the prescribed route, but instead of continuing on it he made a detour over a longer route for the purpose of going by the post office to get his paper. When he reached the post office he left the horses unhitched. They ran away and caused the injury complained of. In a well-considered opinion, the court held that whether the servant was acting in the scope of his employment was a question for the jury. Other cases showing the current authority on this question will be found in the annotation to *Fisher* v. *Fletcher*, 22 A. L. R. 1392 (191 Ind. 529, 133 N. E. 834). Applying the principle of these cases to the one under consideration, it may be said that when Mr. Nicholson made a detour to accommodate the young ladies, he was still in charge of his master's truck, returning to the plant for another load of fuel. He was still about his usual employment, although pursuing it in a way to subserve his own pleasure. He was not on a separate journey exclusively for his own business or pleasure, but was, in part at least, about the master's business; and his little joy ride with the young ladies was only an incident to that. The fact that he disobeyed his instructions is immaterial, if he was still in the master's service. *Loux* v. *Harris*, 226 Mich. 315. It is usually a ques-

tion for the jury whether an act of the servant is within the scope of his employment.    It was so in this case, and the court did not err in submitting it.

2. Was the court in error in refusing to direct a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence?    The plaintiff testified that she saw the truck approaching, and that when she reached the center of the street she stopped to let it go by, that when she stopped the truck was 15 feet away; that the driver gave no warning that he intended to turn across on Poplar street, but, suddenly changing his course, drove directly towards her; and that he was going at such a rate of speed that she did not have time to get out of the way.    If that was the way she was injured she was not guilty of contributory negligence.    It was a question for the jury.    The negligence of the driver was also for the jury.

3. Error is assigned on the admission of the following testimony by the plaintiff:

"As we were going up to the doctor's office, I asked him why he ran me down and he said, he was sorry, he didn't see me, and I said, 'Why didn't you see me,' and he said, 'No, he didn't see me.' "

The testimony was received as an admission of negligence on the theory that it was part of the *res gestæ.*    It should not have been received.    It was no part of the *res gestæ,* and clearly comes within the ruling of this court in *Bernard* v. *Grand Rapids Paper Box Co.,* 170 Mich. 238 (42 L. R. A. [N. S.] 930), and cases therein cited.    For error in receiving this testimony the judgment must be reversed.

No other questions require discussion.

The judgment is reversed, and a new trial granted. The defendant will have costs.

SHARPE, C. J., and SNOW, STEERE, and CLARK, JJ., concurred with MCDONALD, J.    BIRD, J., did not sit.

FELLOWS, J. (*dissenting in part*).    I do not think it can be said, in view of all the testimony in this record, as matter of law, that the driver Nicholson has so little discretion in selecting the streets he should take in delivering wood and in returning from his trips or that he had so far deviated from his course for personal purposes as to be without the ambit of his employment at the time of the accident.    But I do not think we should rest decision on the Connecticut cases cited by my Brother MCDONALD.    They are out of accord with the holdings of this court, particularly the recent case of *Drobnicki* v. *Packard Motor Car Co.,* 212 Mich. 133.    In *Ritchie* v. *Waller,* 63 Conn. 155 (28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361), the driver for his personal benefit left his route to go to a shoemaker's shop to see about soling or mending his shoes; in *Loomis* v. *Hollister,* 75 Conn. 718 (55 Atl. 561), the driver deviated from the route pointed out to him in delivering ice for the purpose of getting his newspaper at the post office.    In *Drobnicki* v. *Packard Motor Co., supra,* the driver deviated from his route to go to a barber shop to see about getting a room for himself, and it was held that while so doing he was discharging no duty to the master and the master was not responsible for his acts.    The Connecticut cases are in direct conflict with the *Drobnicki Case.*    While I am persuaded that this record makes a different case than was before us in that case, I do not think we should disregard it, and, by resting decision on cases from other jurisdictions in conflict with it, overrule it.    Other than this, I am in accord with the opinion of my Brother.

WIEST, J., concurred with FELLOWS, J.