INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL 179, AFL-CIO, v. SWENOR.

Accounting — Labor Unions — Summary Judgment — Decree on Pleadings—Court Rules.

The failure of plaintiff international union and its alleged supervisor and receiver of local union to support their motion for summary judgment in suit for accounting by alleged former members of the local union by affidavit as required by court rule and presence of material issues of fact present just cause for denial of such motion as well as make a decree on the pleadings unavailable to the plaintiffs (Court Rules No 17, § 7, No 30 [1945]).

References for Points in Headnote
1 Am Jur 2d, Accounts and Accounting § 44 et seq.

Appeal from Marquette; Rushton (Carroll C.), J. Submitted November 9, 1962. (Docket No. 66, Calendar No. 48,237.) Decided December 31, 1962.

Petition by International Chemical Workers Union, AFL-CIO, its Local 179, and Raymond C. Sheppard against Alphonse S. Swenor and others for accounting and to obtain books, records, and property of local union. Cross-bill to establish right to property. Summary judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Quinnell & Quinnell (Edward A. Quinnell,* of counsel), for defendants.

SOURIS, J. This is an appeal by defendants from summary judgment entered in plaintiffs' favor. Plaintiffs are the International Chemical Workers Union, AFL-CIO, its Local 179, and Raymond C. Sheppard, alleged to be supervisor and receiver of the local union. The principal defendants are alleged to be former officers of the local union. Plaintiffs filed what may be described as a bill of complaint in the Marquette circuit, in chancery, seeking an accounting from the individual defendants of certain of the assets of the local and a mandatory injunction requiring defendants to deliver to Sheppard, as supervisor and receiver of the local, all of said assets found to belong to the local. Certain provisions of the international union's constitution and of the local union's constitution and bylaws are set forth in the plaintiffs' pleading. Among other things, these provisions grant to the international's president the right to impose supervision or receivership over a local affiliate, require the filing of written charges against such local or its officers, and provide for an appellate procedure to the international's executive board and to the dele-

gates of the international assembled in convention. It seems to be plaintiffs' claim that by virtue of the constitutional and bylaw provisions set forth in their pleading, Sheppard was duly appointed supervisor and receiver of the local and thereupon became entitled to possession of its assets, but that defendants have unlawfully refused to deliver such assets to him.

In defendants' answer, they admit the constitutional and bylaw provisions pleaded by plaintiffs, neither admit nor deny plaintiff Sheppard's status and powers, admit they retain possession of certain assets of the local, deny a valid demand therefor was made and deny any unlawful conduct in connection therewith. Defendants also filed a cross-bill of complaint from which it appears the members of the local, claiming the international failed to service their needs in accordance with its constitution's requirements and denying any just cause for the appointment of a supervisor or receiver, voted to disaffiliate from the international after the appointment of the supervisor and receiver by the international. It further appears that they have since joined District No. 50, United Mine Workers of America. It is their claim that the disaffiliation vote resulted in withdrawal of Local 179 from the ICWU and that they subsequently caused its affiliation with District No. 50, UMWA, as Local 14522 thereof. The cross-bill prayed for a decree determining the right of Local 14522 to the assets in dispute. The answer to the cross-bill denied all material allegations and claimed that defendants and cross-plaintiffs failed to invoke the internal administrative remedies prescribed in the international's constitution to appeal from imposition of supervision and receivership over the local.

Enough has been said to indicate the nature of the controversy to the extent such is possible from

the pleadings before us.  At this stage, plaintiffs filed a motion for summary judgment simply alleging in their motion that the pleadings disclosed no genuine issue as to any material fact and that the plaintiffs, consequently, were entitled to judgment on their bill of complaint.  The motion, although it was purported to have been filed pursuant to Court Rule No 30 (1945), was not supported by affidavit as required by the rule.  Defendants did not file an affidavit of merits in opposition to the motion but appeared on the day noticed for hearing and were allowed, absent objection by plaintiffs, to argue their opposition to it.  No evidence, by deposition or otherwise, was taken at the hearing and at its conclusion, plaintiffs' motion for summary judgment was granted and an order so providing was subsequently signed and filed.  Although it does not appear from the formal order, it is quite apparent from the transcript of the oral argument on the plaintiffs' motion that the parties considered the chancellor's decision to effect also a dismissal of the cross-bill of complaint.

The pleadings do not warrant summary disposition as here attempted.  Plaintiffs' failure to comply with the requirements of our rule, designed to afford summary relief only in extraordinary circumstances, would be sufficient reason alone for denying their motion and compelling our reversal of its grant. But, in addition to that, material issues of fact (as indicated in the summary of the pleadings above) remained for trial and thereby barred entry of summary decree.  For the same reason, a decree on the pleadings pursuant to our practice under Court Rule No 17, § 7 (1945), was unavailable to the plaintiffs.

Reversed and remanded for further proceedings. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.