GERARD *v.* SMALL.

1. Master and Servant—Negligence of Employee—Liability of Employer.

> Generally, an employer is not liable for the negligence of an employee who is on his way to and from work, but if the employer was controlling the employee's personal mission of going to work with a duty expressly directed by the employer, then he is liable.

2. Same—Scope of Employment—Personal Mission—Negligence of Employee En Route to Work.

> Summary judgment for defendant employer in action by plaintiff who was injured when defendant employee turned left into plaintiff's car while the employee was on a personal mission customarily performed on her way to pick up the employer's mail at post office before reporting to work *held*, proper, because she was performing a personal mission before she had anything to do for her employer and was not within the scope of her employment under the circumstances (GCR 1963, 117.2[3]).

Appeal from Wayne; Kennedy (Cornelia G.), J. Submitted Division 1 January 9, 1968, at Detroit. (Docket No. 3,672.) Decided April 2, 1968. Leave to appeal granted July 24, 1968. See 381 Mich 766.

Declaration by Louis Gerard against Odell Small and Paragon Steel Corporation, a Michigan corporation, for injuries sustained in automobile colli-

---

References for Points in Headnotes

[1]  35 Am Jur, Master and Servant § 173.
[2]  35 Am Jur, Master and Servant § 553.

sion. Detroit Automobile Inter-Insurance Exchange intervened as assignee of plaintiff's property damage claim. Paragon's motions for summary judgment against both plaintiffs granted. Detroit Automobile Inter-Insurance Exchange appeals. Affirmed.

*Rouse, Selby, Webber, Dickinson & Shaw (Daniel K. Converse,* of counsel), for plaintiff intervenor.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendant.

HOLBROOK, J. This is an appeal from a summary judgment granted defendant Paragon Steel Corporation, a Michigan corporation. The pertinent facts are as follows:

Odell Small began working for Paragon Steel Corporation on July 27, 1959, and she did office work. When she was first employed, Paragon Steel had its mail delivered, but a post office box was subsequently rented to enable it to get its mail earlier in the day. Odell Small's superiors requested her to pick up the mail on her way to work, to which she was agreeable. Thereafter, she picked up the mail daily.

Odell Small would time her departure from home so that she would arrive at the post office after 8:15 a.m. when the mail would be ready. Prior to the arrangement for her to pick up the mail at the post office she reported for work at 8 a.m.

On the morning of April 25, 1960, Odell Small was driving an automobile owned by her in a southerly direction on Schaefer highway, at or near the intersection of St. Martins in the city of Detroit. The individual plaintiff, Louis Gerard, was operating his automobile in a southerly direction on the

same street at the same time. This automobile was insured by the intervening plaintiff. Gerard alleged that Odell Small turned left into his automobile from the right lane of Schaefer which has more than one lane for southbound traffic. At the time of this occurrence, Odell Small was on her way to the post office located on Livernois near Six Mile Road (McNichols Road). If she did not pick up the mail she would travel directly south on Schaefer to Fullerton and then to Paragon's office on Fullerton; however, in order to pick up the mail on Livernois it was necessary for her to turn left from Schaefer on one of the residential or side streets just north of Outer Drive, turn on Outer Drive and continue to Livernois where she would make a right turn to the post office.

Before picking up the mail, Odell Small would stop to pick up a girl friend who lived on Schaefer. She would drop her friend off at her work on Livernois before proceeding to pick up the mail. On this particular morning at the time of the accident, Odell Small was making a left turn into this friend's driveway.

Appellant insured Louis Gerard's automobile, and upon payment of collision damage, received a partial assignment of his claim.

. Louis Gerard started a negligence action against Odell Small and Paragon Steel as defendants. Subsequently, appellant intervened in the suit.

Paragon Steel moved for summary judgment of no cause of action against Louis Gerard which motion was granted on July 1, 1966. Appellant had not received notice of the motion for summary judgment. Therefore, Paragon Steel brought a second motion for summary judgment under GCR 117.2(3) urging that there was no genuine issue

regarding Paragon Steel's responsibility for the alleged negligence of Odell Small.

On April 3, 1967, the Honorable Cornelia G. Kennedy, circuit judge, filed her opinion and after reciting the facts ruled therein as follows:

"In view of the fact that Odell Small had not yet deviated from the route she would normally take if she were merely driving herself to and from her employment, and was at the time of the accident engaged in a purely personal pursuit of picking up her friend, the court is of the same opinion as was Judge Brennan, that Odell Small was not in the course of her employment at the time of the accident involved here.

"An appropriate order may be presented."

On April 20, 1967, the order granting summary judgment of no cause of action in favor of Paragon Steel and against plaintiff intervenor was entered.

The only issue to be resolved on this appeal appears to be contained in the question: *Was the employee acting within the scope of her employment at the place and time she allegedly negligently caused the accident in question?*

Under the facts herein, plaintiff-appellant asserts that under the doctrine of *respondeat superior* the defendant-appellee, Paragon Steel Corporation, is liable for the alleged negligence of Odell Small.

Appellant concedes in its brief that an employer is ordinarily not liable for the negligence of an employee who is on his way to and from work. See 57 CJS, Master & Servant, § 570, p 309, and 1 Restatement of the Law (Second), Agency, § 233, p 516. However, it is claimed that the instant case presents facts placing it within an exception to the general rule, *i.e.,* the employer was controlling the employee's personal mission of going to work with a duty expressly directed by the employer.

In considering the claims of the appellant it is well to review the controlling facts. Originally, Odell Small commenced her work at the employer's place of business at 8:00 each morning. Because the mail was delivered late in the day, the employer rented a box at the post office. A different arrangement was then made between the employer and Odell Small. It was agreed that the employee would commence her work not at 8 a.m. as previously, but that she would arrive at the post office shortly after 8:15 a.m. at a time when the mail would be sorted and placed in the employer's box. The arrangement did not provide for Odell Small to do anything for her employer until arriving at the post office. Until the time that she was to report to the post office, her time was her own as well as her choice of route, *i.e.,* prior to picking up the mail she could do any personal errands that she wished, she could take a friend to work (which she was in the process of doing at the time of the accident), and she was not required to maintain the present location of her residence.

The change in the conditions of employment occasioned by the new arrangement merely established a new point for her commencement of work, *i.e.,* at the post office instead of the employer's place of business. Until she reported to the post office she was on her way to work. Inasmuch as the accident occurred prior to her arriving at the post office, we conclude that the general rule applies and the employer is not liable.

Appellant cites the cases of *Elliason* v. *Western Coal & Coke Company* (1925), 162 Minn 213 (202 NW 485); *Haco Drilling Co., Inc.,* v. *Burchette* (Okla, 1961), 364 P2d 674; *Riley* v. *Roach* (1912), 168 Mich 294; *Clifton* v. *Kroger Grocery & Baking Co.* (1922), 217 Mich 462; *Nord* v. *West Michigan*

*Flooring Co.* (1927), 238 Mich 669; and the recent case of *Burchett* v. *Delton-Kellogg School* (1966), 378 Mich 231, as authorities for its claim that Odell Small at the time of the accident was acting within the scope of her employment. After a careful reading of these cases, we find that the fact situations therein are not analogous to the facts in the instant case and therefore they are not applicable.

The granting of the summary judgment of dismissal was proper. GCR 1963, 117.2(3).

Affirmed. Costs to appellee.

QUINN, P. J., and J. H. GILLIS, J., concurred.