GERARD *v.* SMALL.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—CORPORATIONS —SCOPE OF EMPLOYMENT.

Summary judgment will not lie where material facts are at issue, thus, where testimony indicates corporate defendant's employee, while en route to the post office to pick up the corporation's mail, had an accident when making a left turn into a driveway to pick up a friend not connected with the corporation, a material issue of fact was raised as to whether employee was in the scope of employment when the accident occurred; hence, summary judgment should not be granted (GCR 1963, 117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Pleading § 340 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error § 1011.

328              382 Mich 327.              [Sept.

2. Costs—Courts.

Costs of Court of Appeals and Supreme Court are allowed intervenor plaintiff, where summary judgment for a defendant, granted by the circuit court, and affirmed by the Court of Appeals, is reversed by the Supreme Court.

Appeal from Court of Appeals, Division 1, Quinn, P. J., and J. H. Gillis and Holbrook, JJ., affirming Wayne, Kennedy (Cornelia G.), J. Submitted June 4, 1969. (Calendar No. 8, Docket No. 52,022.) Decided September 3, 1969.

10 Mich App 726, reversed.

Declaration by Louis Gerard against Odell Small and Paragon Steel Corporation, a Michigan corporation, for injuries sustained in an automobile collision. Detroit Automobile Inter-Insurance Exchange intervened as assignee of plaintiff's property damage claim. Paragon's motions for summary judgment against both plaintiffs granted. The Exchange appealed to the Court of Appeals. Affirmed. Detroit Automobile Inter-Insurance Exchange appeals. Reversed, and remnaded for further proceedings.

*Rouse, Selby, Webber, Dickinson & Shaw (Daniel K. Converse,* of counsel), for Detroit Automobile Inter-Insurance Exchange.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle (Richard H. Scholl,* of counsel), for defendant.

T. M. KAVANAGH, J. Plaintiff-appellant, Detroit Automobile Inter-Insurance Exchange, hereafter called the "Exchange," appeals from summary judgment[1] entered by the circuit court and the affirma-

---

[1] See GCR 1963, 117.2(3).

tion of the summary judgment by the Court of Appeals. 10 Mich App 726.

The alleged cause of action arose when defendant Odell Small, hereafter referred to by name, collided with a car owned and driven by plaintiff Louis Gerard, hereafter referred to by name, while she was en route to a post office to pick up the mail of her employer, defendant-appellee Paragon Steel Corporation, hereafter called "Paragon."

When Odell Small commenced her employment with Paragon she was required to report for work at 8 a.m. At that time the corporation had the daily mail delivered to its office. Subsequently, Paragon rented a box at the post office located in the city of Detroit on Livernois near McNichols road, and instructed her to pick up the daily mail in her own car before coming to the office.

Odell Small testified that she would time her departure from her home so that she would arrive at the post office at approximately 8:15 a.m., when the mail would be ready. She further testified that in order to pick up the mail at the post office on Livernois, she regularly traveled south on Schaefer road and turned left from Schaefer on one of the residential or side streets to Outer Drive, and over Outer Drive to Livernois at a point north of Seven Mile road, where she would make a right turn and drive in a southerly direction on Livernois to the post office near McNichols road. After picking up the mail she continued in a southerly direction to Fullerton avenue and went east on Fullerton to Paragon's office.

Odell Small further testified that on the morning of April 25, 1960, she proceeded, as usual, to pick up Paragon's mail using her regularly traveled route. However, according to her testimony, she planned on picking up a friend who lived on Schaef-

er road and dropping her off at Livernois and Seven Mile road. As she was making her approach to turn left into her friend's driveway, the collision occurred. Soon after the accident, Odell Small telephoned Paragon's office manager and said, "John, you will have to get somebody else to pick up the mail. I was in an accident."

Louis Gerard started a negligence action against Odell Small and Paragon alleging as to Paragon that it was vicariously liable for the wrongful acts of its employee. Odell Small filed no appearance or answer.

The Exchange, as insurer of Louis Gerard's automobile, upon payment of the collision damage, received a partial assignment of his claim and intervened in the action.

Paragon moved for summary judgment of no cause of action, which motion was granted July 1, 1966. The Exchange had not received notice of the motion for summary judgment. Therefore, Paragon brought a second motion for summary judgment urging that there was no genuine issue as to any material fact regarding its responsibility for the alleged negligence of Odell Small since she was not in the course of her employment. The trial judge entered an order granting summary judgment of no cause of action in favor of Paragon.

The Exchange took an appeal to the Court of Appeals asking that the summary judgment be set aside and for a partial summary judgment declaring that Paragon was vicariously liable for the negligence, if any, of Odell Small. The Court of Appeals denied the appeal, holding her employment did not begin until she arrived at the post office. 10 Mich App 726. The Exchange is here on leave granted. 381 Mich 766.

Paragon argues in this Court that Odell Small was not in the course of her employment until she reached the post office to pick up the mail. The Exchange contends that under the doctrine of *respondeat superior* Paragon is liable for the alleged negligence of Odell Small. It claims that the instant case presents facts placing it within an exception to the general rule, *i.e.*, the employer was controlling the employee's personal mission of going to work with a duty expressly directed by the employer. The Exchange emphasizes the fact that Odell Small formerly commenced work at 8 a.m., and that a definite arrangement was made by the employer requiring her to pick up the mail shortly after 8:15 a.m.

Where material facts are at issue, summary judgment will not lie. *International Chemical Workers Union, Local 179, AFL-CIO,* v. *Swenor* (1962), 368 Mich 658; *Tripp* v. *Dziwanoski* (1965), 375 Mich 619; *Durant* v. *Stahlin (Appeal re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628; *Brooks* v. *Fields* (1965), 375 Mich 667; *McCoy* v. *DeLiefde* (1965), 376 Mich 198.

The testimony in the instant case indicates that Odell Small was en route to the post office to pick up the mail for Paragon, pursuant to Paragon's instructions. If there were any "deviation" as a matter of law it would have to be the left turn toward the driveway to pick up her friend. Whether this constituted a deviation from her regularly traveled route is a material fact upon which reasonable minds might differ. From all the facts and reasonable inferences therefrom, reasonable minds might find that at the time of the accident she was "about her master's business," and therefore in the course of her employment. See *Nord* v. *West Michigan Flooring Co.* (1927), 238 Mich 669; *Moore* v. *Palmer* (1957), 350 Mich 363, and cases cited therein; *Haring* v. *My-*

*rick* (1962), 368 Mich 420; *Bajdek* v. *Toren* (1969), 382 Mich 151.

Since a question of fact as to whether Odell Small was in the course of her employment was raised on the record, summary judgment should not have been granted.

The judgment of the Court of Appeals and the summary judgment of the circuit court are reversed and the case remanded for further proceedings. The Exchange shall have costs of both appellate courts.

DETHMERS, KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred.

T. E. BRENNAN, C. J., did not sit.