DeMARE BROTHERS CONSTRUCTION COMPANY, INC v TESKA

OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVIT—COURT RULES.

The court rules providing for summary judgment on the ground that there is no genuine issue as to any material fact permits a court to base its decision on a motion for such summary judgment on everything in the record, but nevertheless requires that the motion itself be accompanied with or supported by affidavits (GCR 1963, 117.2[3], 117.3).

CONCURRENCE IN RESULT BY ADAMS, J.

2. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVIT—COURT RULES.

*A grant of summary judgment where the moving party has not filed a supporting affidavit as required by court rule is not reversible error per se, but the movant's failure to file the required affidavit will usually weigh heavily against him on appeal, and where the trial court considered an incomplete deposition as furnishing "other proof" and relied on admissions or concessions supposedly made by plaintiff but never placed on the record, the summary judgment should be reversed (GCR 1963, 117.3).*

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 January 4, 1973, at Detroit. (Docket No. 14241.) Decided September 26, 1973.

Complaint by DeMare Brothers Construction Company, Inc., against Fred A. Teska and Mary Ann Teska to recover the balance due on a contract. Summary judgment for defendants. Plaintiff

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] No references.

appeals. Reversed and remanded for further proceedings.

*Patrick J. Keating,* for plaintiff.

*Nussbaum, McEvoy & Moscow, P. C.* (by *John D. Lazar),* for defendants.

Before: V. J. Brennan, P. J., and T. M. Burns and Adams,* JJ.

V. J. Brennan, P. J. Plaintiff's suit seeks the balance due on a contract to construct a residence for the defendants. Defendants claimed that plaintiff was not, at all necessary times, licensed as a residential builder as required by statute (MCLA 338.1501; MSA 18.86[101]); and that that fact bars plaintiff's suit (MCLA 338.1516; MSA 18.86[116]).

Defendants moved for summary judgment pursuant to GCR 1963, 117.2(3) arguing that there was no issue of fact regarding plaintiff's capacity to maintain his lawsuit. This motion was not supported by affidavits as required by GCR 1963, 117.3. The trial court granted defendants' motion for summary judgment, and later denied plaintiff's motion to set aside that judgment.

Plaintiff appeals and argues that the failure of the defendants to support their motion for summary judgment with any affidavits as required by court rule, *supra,* is fatal and mandates a reversal of the judgment. The relevant rule provides as follows:

".3 Motion and Proceedings Thereon. [1] A motion based upon subrule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits. [2] The affidavits submit-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ted by either party shall be governed by the provisions of subrules 116.4, 116.5, and 116.6. [3] Such affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties shall be considered by the court at the hearing. [4] Each party shall be given opportunity to amend his pleadings as provided by Rule 118 unless the evidence then before the court shows amendment would not be justified. [5] Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or other proof show that there is no genuine issue of fact. [6] If it appears that the opposing party rather than the moving party is entitled to judgment, the court may render summary judgment in his favor without necessity of a motion therefor." GCR 1963, 117.3.

We have numbered each sentence of the rule for convenient reference throughout this opinion. After careful analysis, we have come to the conclusion that there are two distinct portions within this rule. The first portion of the rule, consisting of the first two sentences, sets forth the proper manner for making a motion for summary judgment founded on GCR 1963, 117.2(3). The latter portion of the rule, the third through the sixth sentences, defines the proper procedures to be followed subsequent to the making of a motion under that rule.

Such an interpretation is the most logical for several reasons. First, it renders the rule consistent rather than internally contradictory. If the language in the third and fifth sentences, which we read to authorize the judge to consider everything in the record in addition to the affidavits,[1] were read to authorize resort to such other proofs

---

[1] Specifically "[s]uch affidavits, together with the pleadings, depositions, admissions, and documentary evidence" and "the affidavits or other proof."

in lieu of affidavits, it would clearly contradict the mandatory language of the first sentence.

Second, while some might regard such an interpretation as overly technical, there is a valid rationale behind an absolute requirement for the submission of affidavits. Requiring parties to present support for such a motion by affidavits based on personal knowledge (GCR 1963, 116.4) serves to clarify the position of the parties, and to facilitate disposition by the trial court and review of the trial court's decision by the appellate courts. It is relatively easy to read and evaluate an affidavit; by comparison, it is difficult to sift and search through a lengthy deposition in order to determine precisely what evidentiary support a party may be able to muster at trial.

Third, we attach no significance to the use of the disjunctive in the fifth sentence of the rule (*i.e.,* "affidavits *or* other proof"). Had the drafters of the rule phrased that sentence in the conjunctive (*i.e.,* affidavits *and* other proof) the rule would then have been read to require such other proof in addition to the affidavits. Finally, this position finds support in our Supreme Court's interpretation of the predecessor to GCR 1963, 117.3. In *International Chemical Workers Union, Local 179, AFL-CIO v Swenor,* 368 Mich 658, 661; 118 NW2d 839, 840 (1962), our Supreme Court, in discussing the predecessor to the current summary judgment rule, held as follows:

"The motion [for summary judgment], although it was purported to have been filed pursuant to Court Rule No 30 (1945), was not supported by affidavit as required by the rule.

* * *

"The pleadings do not warrant summary disposition as here attempted. Plaintiffs' failure to comply with the

requirements of our rule, designed to afford summary relief only in extraordinary circumstances, would be sufficient reason alone for denying their motion and compelling our reversal of its grant."

The rule being construed by our Supreme Court in that case provided, in pertinent part, as follows:

"In any action at law, the defendant may, after issue is joined, move the court for entry of judgment in his favor *upon a showing by affidavits or depositions* filed in the cause that there is no question of fact to be determined by the court or jury, and that he is entitled to a judgment in his favor." MCR 1945, Rule 30, § 7. (Emphasis added.)

It is obvious that our current rule is much more explicit in requiring a basis when summary judgment is sought on the ground that there is no issue as to any material fact. The language from our current rule ("shall be supported by affidavits") is even more directory than the prior rule ("upon a showing by affidavits or depositions"). Nevertheless our Supreme Court found a failure to support such a motion for summary judgment by affidavit or deposition to be fatal; therefore, the current rule being phrased in stronger terms, such a defect is also fatal under the current rule.

We therefore conclude that the current rule, while permitting the court to base its judgment on everything in the record, nevertheless requires that the motion itself be accompanied with or supported by *affidavits.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

T. M. Burns, J., concurred.

Adams, J. *(concurring in result).* I concur in the

result reached by Judge Brennan, but for different reasons.[1]

As Judge Brennan correctly notes, GCR 1963, 117.3 provides in part:

"A motion based upon subrule 117.2(3) *shall* be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits." (Emphasis added.)

This language is mandatory and the requirement of the rule *should* be observed. However, the precise issue presented by the instant case deals less with that recognized requirement than with the appellate consequences of a successful movant's failure to have filed such an affidavit in the trial court. The question is: Must a grant of summary judgment made pursuant to GCR 1963, 117.2(3) *automatically be reversed on appeal* where the moving party has not filed a supporting affidavit as required by GCR 1963, 117.3?

GCR 1963, 117.3 also states:

"Judgment shall be rendered forthwith if the plead-

[1] In bringing their motion for summary judgment, defendants contended that under GCR 1963, 117.2(3) there was no genuine issue of fact regarding plaintiff's lack of legal capacity to sue because plaintiff allegedly was an unlicensed residential contractor under MCLA 338.1516; MSA 18.86(116). However, the ground asserted in defendants' motion can only properly be raised by a motion for accelerated judgment under GCR 1963, 116.1(3), since lack of legal capacity to sue is covered by the explicit language of that sub-rule. *See Bloss v Williams,* 15 Mich App 228, 231; 166 NW2d 520, 522 (1968). In order to utilize Rule 116, a motion raising the technical bar as a defense must be made not later than a party's first responsive pleading, or the defense must be incorporated into the first responsive pleading. However, if this Court elected to treat the motion as one under Rule 116.1(3), the unfortunate state of the record in this case would not permit a certain determination as to whether or not the motion was timely brought. Under these peculiar facts, and since reversal is clearly required—even though there is disagreement as to the grounds for reversal—this procedural question (which has not been raised by the parties) need not be further pursued upon this appeal.

ings show that any party is entitled to judgment as a matter of law or if the affidavits *or other proof* show that there is no genuine issue of fact." (Emphasis added.)

In *Durant v Stahlin,* 375 Mich 628, 655–656; 135 NW2d 392, 402–403 (1965), Justice SOURIS stated his views with regard to Rule 117.3 as follows:

"Rule 117.3 makes clear that determination of a motion for summary judgment asserting, under Rule 117.2(3), that there is no genuine issue as to a material fact must be determined on the basis of 'the affidavits *or other proof'* and that it is not sufficient to resist such a motion, if the motion is supported by affidavits *or other proofs,* to rely solely upon the averments pleaded by the party opposing the motion. While such reliance may be placed upon pleadings in urging or resisting summary judgment based upon Rule 117.2(1) or (2), when the summary judgment sought asserts the absence of a genuine issue of material fact under Rule 117.2(3) and is supported by affidavit *or other proofs,* the opposing party must come forward with affidavits *or other proofs* of his own to establish that a genuine issue of material fact does exist. Such, indeed, was our practice in this State even under our former Court Rule No 30 (1945)." (Emphasis added.)

The reversal of summary judgment in *Chemical Workers Union v Swenor,* 368 Mich 658; 118 NW2d 839 (1962), was not based upon the dictum cited by Judge BRENNAN but rather upon the *Swenor* Court's examination of the pleadings *(i.e.,* "other proof" referred to in the above quotations) and its conclusion that "[t]he pleadings do not warrant summary disposition as here attempted. * * * [M]aterial issues of fact (as indicated in the summary of the pleadings above) remained for trial and thereby barred entry of summary decree." (p 661; 118 NW2d at 840.)

While adoption by appellate courts of a "per se

reversible error" rule might appear advantageous as facilitating the rapid disposition of some appeals from the granting of summary judgment, an examination of results potentially deriving from the application of such a rule negates any argument as to its efficacy. Thus, where a successful movant has failed to file an affidavit and the record on appeal *(i.e.,* the "other proofs") would—if examined by the reviewing court—demonstrate that the grant of summary judgment was otherwise justified, reversal and remand on the basis of the "per se" rule would either require the trial of a meritless cause or compel the movant to file a *pro forma* affidavit to comply with the letter of Rule 117.3. In the latter case, the trial court would presumably again award summary judgment, and this Court, on second appeal, would have to evaluate the grant on its merits.

Another inherent defect associated with the "per se" rule is that its application would preclude appellate consideration of other factors which might render summary judgment *inappropriate* in a given case. These factors could and should be examined in the initial appeal, just as was done in *Swenor, supra.* The "per se" rule's deficiency in this respect is well illustrated by the case at bar.

In the present case, plaintiff's deposition was submitted to support defendants' motion for summary judgment. If this deposition had been complete[2] and consequently proper for the trial court to consider, and if our examination of it and the "other proofs" of record indicated that the grant of summary judgment was otherwise correct, this Court would be justified in affirming the judgment, except for the trial judge's further error in basing

[2] The taking of plaintiff's deposition had been adjourned and the deposition was never completed.

his decision upon concessions allegedly made to the trial court by plaintiff, but which were not placed on the record.

I do not comprehend how any appellate court can review matters not of record. A trial judge who bases his decision on such matters should be reversed. Unfortunately, however, application of the "per se" rule to the instant case has precluded consideration of the trial court's improper reliance upon the incomplete deposition and the concessions made outside the record.

Nothing in this opinion purports to invest a trial judge with discretionary authority to waive the filing of an affidavit supporting a motion for summary judgment made pursuant to GCR 1963, 117.2(3). Such an affidavit is *required* by Rule 117.3. However, where summary judgment has been granted despite the movant's failure to file an affidavit, the error has been consummated prior to appeal and the primary question before the reviewing court is whether the error requires *automatic reversal.*

A successful movant's failure to file the required affidavit will usually weigh heavily against him on appeal as, for example, where the "other proof" is insufficient in the absence of an affidavit to justify the grant of summary judgment, or where the opposing party has been misled or prejudiced by the movant's failure to comply with the filing requirement. Recognition that failure to file is a weighty consideration on appeal is not, however, equivalent to a holding that such an omission constitutes per se reversible error.

In this case, I would ground decision upon three points: 1) defendants' failure to comply with the affidavit requirement of GCR 1963, 117.3; 2) the fact that an incomplete deposition, for the very

reason that it is incomplete, should not be considered as furnishing "other proof" to support the award of summary judgment; and 3) the trial court's reliance on admissions or concessions supposedly made by plaintiff but never placed on the record.

On this basis the case should be reversed and remanded for further proceedings.