LILJE v ALLSTATE INSURANCE COMPANY

1. INSURANCE—AUTOMOBILES—PURCHASER—EXCLUSION—STATUTES.

A section of a garageowner's liability insurance policy which excluded coverage of the purchaser of an automobile who had taken possession pursuant to an agreement of sale is invalid because it is contrary to the statute requiring that coverage extend to any permissive user of an insured vehicle (MCLA 257.520[b] [2]).

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—COURT RULE.

Supporting affidavits are required of a party making a motion for summary judgment on the ground that except as to damages there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 May 7, 1974, at Detroit. (Docket No. 17149.) Decided July 23, 1974. Leave to appeal applied for.

Complaint by Ray Allen Lilje against the Allstate Insurance Company and Universal Underwriters Insurance Company for a declaratory judgment. Michigan Bank intervened as a party plaintiff against the original defendants, and cross-complained against plaintiff Lilje for indemnification. Judgment for defendant Universal Underwriters Insurance Company. Defendant Allstate Insurance Company appeals. Reversed and remanded.

Ray Allen Lilje, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 96, 97.
[2] 73 Am Jur 2d, Summary Judgment § 18.

*Sullivan, Sullivan, Ranger & Ward,* for plaintiff Michigan Bank.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *Ronald C. Winiemko),* for defendant Allstate Insurance Company.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* for defendant Universal Underwriters Insurance Company.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

BASHARA, P. J. Allstate Insurance Co. appeals an order of summary judgment declaring that plaintiff, Ray Allen Lilje, was not insured under a policy issued by Universal Underwriters Insurance Co. to Bart Lincoln-Mercury (hereinafter referred to as "Bart").

Plaintiff sold his 1967 Cadillac to Bart and, at a later date, took possession of the 1969 Lincoln he had ordered, but not yet paid for. The accident occurred on December 12, 1968, when title to the 1969 Lincoln was still in Bart's name. Universal insured Bart against automobile hazards under a garage liability insurance policy. Automobile hazard is defined in part by the policy as:

" * * * (3) *the ownership,* maintenance or *use* of any automobile owned by named insured *while furnished for the use of any person."* (Emphasis added.)

Following this language are definitions of persons who are uninsured:

"None of the following is an insured:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"(iii) any person or organization, other than the named insured, with respect to any automobile

(a) owned by such person or organization or by a member (other than the named insured) of the same household, or

(b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale; * * * ."

At the time of the accident, plaintiff was insured under a policy issued to him by Allstate.

The question presented on appeal is whether the trial court erred in holding that Universal did not provide liability insurance to plaintiff.

MCLA 257.520(b)(2); MSA 9.2220(b)(2), provided, in pertinent part, that a policy of insurance:

"Shall insure the person named therein *and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured,* against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle * * * ." (Emphasis supplied.)

It was, therefore, incumbent upon Universal that the policy issued to Bart conform with the above statutory provision.

The recent case of *Celina Mutual Insurance Co v Preferred Risk Mutual Insurance Co,* 51 Mich App 99; 214 NW2d 704 (1974), decided a similar question on similar facts. That case in construing the above statute stated:

"The statute clearly required that coverage under the policy extend to *any person, as insured,* using the automobile with the express or implied permission of the named insured (Barber). Since the statute did not provide for the type of exclusionary clause in issue, that clause is invalid and of no effect. It follows that, if David Wells was driving with Barber's express or implied permission at the time of the accident, then David

Wells was insured under plaintiff's policy." 51 Mich App 103–104.

In the instant case, the definitional section "None of the following is an insured" is the same as the exclusionary clause in *Celina, supra.* That Court used as its rationale the following:

"If the exclusion in plaintiff's policy issued to Barber is valid, then it is clear that it permits an automobile; between the time of transfer of possession and the time when application is made for transfer of title, to be an uninsured motor vehicle. By its terms, the clause excludes as insured 'any person * * * with respect to any automobile * * * possession of which has been transferred * * * pursuant to an agreement of sale' whether or not that person has any insurance at all. The result in this case should therefore not turn on the fortuity that the purchaser was insured when he could easily not so have been." 51 Mich App 102.

Since the definition of who is uninsured is invalid under MCLA 257.520(b)(2); MSA 9.2220(b)(2), it has no effect. We, therefore, hold that Universal provided liability insurance to plaintiff.

The remaining question is whether a motion for summary judgment based on GCR 1963, 117.2(3) may be granted where the moving party did not file supporting affidavits. Although the trial court did not reach this procedural question, the answer had been provided in *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973), where it was held that the filing of supporting affidavits is mandatory. Accordingly, in the event that a motion for summary judgment is proferred based on GCR 1963, 117.2(3), supporting affidavits will be required.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.