## CREECH v CONSUMERS POWER COMPANY

### OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—AFFIDAVITS SUPPORT-
   ING MOTIONS—COURT RULES.

   A court may properly grant a motion for summary judgment on
   the ground that except as to the amount of damages there is no
   genuine issue as to any material fact only if the moving party
   has filed an affidavit in support of its motion, but the omission
   to file such an affidavit may be found incidental in the total
   spectrum of a case (GCR 1963, 117.2[3]).

2. TORTS—EMPLOYEES—LANDOWNERS—INVITEES—BUSINESS INVITEES.

   An employee of a subcontractor entering the landowner's job site
   for a purpose mutually beneficial to the employee and the
   landowner is a business invitee.

3. TORTS—LANDOWNERS—DUTY OF CARE—SNOW AND ICE ACCUMULA-
   TION—NATURAL ACCUMULATIONS—NEGLIGENT AFFIRMATIVE
   ACTS—INCREASING DANGER—INVITEES—BUSINESS INVITEES—
   SLIP AND FALL.

   A landowner has no duty to warn its invitees of a snow and ice
   accumulation or to remove or prevent such an accumulation
   where the accumulation results solely from natural causes, and
   it is only where the accumulation results from a negligent
   affirmative act of the landowner or where the landowner's act
   increases the danger from natural accumulation that the land-
   owner may be held liable for an invitee's slip and fall.

### CONCURRENCE BY O'HARA, J.

4. JUDGMENT—SUMMARY JUDGMENT—TORTS—DUTY OF CARE—INVITEE
   —SNOW AND ICE ACCUMULATIONS—SLIP AND FALL—NATURAL
   ACCUMULATIONS—LANDOWNERS—NEGLIGENT AFFIRMATIVE
   ACTS.

   *A plaintiff invitee's complaint that a defendant landowner failed*

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 16 *et seq.*
[2] 62 Am Jur 2d, Premises Liability § 39.
[3, 4] 62 Am Jur 2d, Premises Liability §§ 272, 273.

*to prevent, remove or warn of a natural accumulation of ice
and that plaintiff slipped and fell and was injured as a result
did not state a claim upon which relief could be granted, since
it is only where snow or ice accumulate because of a negligent
affirmative act of the landowner, or where the landowner's act
increases the danger from a natural accumulation that the
landowner may be held liable for an invitee's slip and fall.*

Appeal from Ottawa, James E. Townsend, J.
Submitted Division 3 January 15, 1975, at Grand
Rapids. (Docket No. 20563.) Decided February 25,
1975. Leave to appeal applied for.

Complaint by Mack Creech and Callie Creech
against Consumers Power Company for damages
for injuries suffered when Mack Creech slipped
and fell on defendant's property. Judgment for
defendant. Plaintiffs appeal. Affirmed.

*Milan & Miller (Edward Grebs,* of counsel), for
plaintiffs.

*Warner, Norcross & Judd* (by *William K.
Holmes),* for defendant.

Before: ALLEN, P. J., and N. J. KAUFMAN and
O'HARA,* JJ.

ALLEN, P. J. The decisive issue presented on this
appeal is the applicability of the Michigan rule
regarding personal injuries to an invitee who slips
and falls because of a natural accumulation of ice
and snow on defendant's property. Plaintiff's com-
plaint, pertinent parts of which are quoted below,[1]

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "9. That said plaintiff fell as a result of the negligence and wilful,
wanton and reckless misconduct of the defendant; more specifically,
that is to say defendant was guilty as follows:

(a) That defendant was well aware that ice is an inherently hazard-
ous and dangerous condition when it is on an area which in effect is
the walkway for pedestrian traffic, and although aware of said dan-
ger, defendant failed to eliminate the condition.

filed October 1, 1973, alleged that plaintiff, a boil-
ermaker employed by a subcontractor doing work
for Consumers Power Company at its Port Sheldon
plant, while walking along a pathway leading to a
shed where workmen changed clothes, slipped and
fell on an accumulation of ice on the pathway.
Defendant answered by way of general denial,
asserting contributory negligence and demanded
plaintiff's deposition.

In his deposition, plaintiff testified he arrived at
work about 4:30 to 5:30 p.m., where he first
checked in with the guard and then began walking
along a 200-ft-long path leading through a field.
The path was level, about three to six feet wide
and marked with footprints in the snow of other
employees who had worked that day. When about
30 feet from the change shanty, plaintiff slipped
and fell. It had snowed all day and the ground was
covered with snow. Nothing indicated that the

(b) That defendant allowed ice to accumulate on a pathway leading
to a work area thus creating an inherently hazardous and dangerous
condition resulting in plaintiff's being injured.

(c) That although defendant could well foresee the accumulation of
ice having knowledge of the area that plaintiff and others would be
walking in and although defendant was well aware of the weather
conditions that had existed and did exist, defendant failed to exercise
any precaution whatsoever to warn plaintiff and other persons and to
protect them from injury while using said walkway and particularly
while they were on the premises owned by defendant.

(d) Defendant failed to keep its premises in such a state and
condition so as to allow plaintiff and others to safely transverse [sic]
its walking areas and pathways.

(e) Defendant failed to correct the defect in its premises once said
defect was known or should have been known by defendant through
prudent and reasonable inspection procedures.

(f) Defendant failed to take such safeguards as to protect the
plaintiff and others on its premises from well-known inherently
hazardous and dangerous conditions which existed thereon.

(g) Defendant well knew that its premises was open to the elements
and that ice would be reproduced and accumulate under the condi-
tions then existing and although well aware of this, failed to take any
precautions to prevent plaintiff and others from being injured while
on its premises."

snow and ice was there by other than natural means.

Defendant then moved for summary judgment pursuant to GCR 1963, 117.2(1) and GCR 1963, 117.2(3), basing the motion "upon the file herein and upon the deposition of the plaintiff". No affidavit was filed in support of defendant's motion. Following a hearing on the motion, then Circuit Judge Wendell Miles on March 5, 1974 expressed his belief that summary judgment was appropriate, but on request of plaintiffs granted 45 days for plaintiffs to complete discovery and submit further material to the court. Plaintiffs submitted nothing further and, on May 6, 1974, Judge Miles, in a written opinion, granted defendant's motion. The opinion did not state whether the motion was granted under GCR 1963, 117.2(1) or GCR 1963, 117.2(3), or both.

Assuming that summary judgment was given solely under GCR 1963, 117.2(3), defendant's failure to file an affidavit in support thereof constitutes error. *DeMare Brothers Construction Co v Teska,* 49 Mich App 642; 212 NW2d 602 (1973), and *Lilje v Allstate Insurance Co,* 54 Mich App 378; 221 NW2d 185 (1974). The error is not made less so by reason of plaintiffs' failure to make objection or raise the issue at the trial court level.[2] However, we find this omission incidental in the total spectrum of the case.

The controlling issue is whether plaintiffs' pleadings alleging a fall due to accumulation of ice failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). In essence, the complaint makes four allegations: (1) there was an

---

[2] In *DeMare Brothers Construction Co, supra,* the prescribed affidavit was not filed and the Court's opinion omitted any reference to whether the omission was brought to the trial court's attention.

accumulation of ice, (2) defendant failed to warn of such accumulation, (3) defendant failed to remove the accumulation, and (4) defendant failed to prevent the accumulation. Omitted was any allegation that defendant affirmatively acted to increase the hazards incident to any winter snowfall or that, at least to some extent, the icy condition was caused by an affirmative act of defendant, or that an artificial condition contributed to the accumulation. While plaintiffs did take an additional deposition in the 45-day period granted by the trial court, plaintiffs made no changes in the bill of complaint originally filed.

An employee of a subcontractor entering the landowner's job site "for a purpose mutually beneficial to both the invitee and invitor" is held to be a business invitee. *Dobbek v Herman Gundlach, Inc,* 13 Mich App 549, 554–555; 164 NW2d 685 (1968). In Michigan, the landowner has no duty to its invitees, either to warn of snow and ice accumulations or remove them or prevent them where the accumulations result solely from natural causes. It is only where the snow or ice accumulated because of a negligent affirmative act of the landowner, or where the landowner's act increases the danger from a natural accumulation, that the property owner may be held liable for an invitee's slip and fall. *Gillen v Martini,* 31 Mich App 685; 188 NW2d 43 (1971), *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 51 Mich App 242; 214 NW2d 911 (1974), *lv granted,* 392 Mich 804 (1974), *Bard v Weathervane of Michigan,* 51 Mich App 329; 214 NW2d 709 (1974). The most recent case of this Court, *Gossman v Lambrecht,* 54 Mich App 641; 221 NW2d 424 (1974), *lv granted,* 393 Mich 753 (1974), summarizes the Michigan law as follows:

"Michigan, although not explicitly, has followed the Massachusetts rule. Under that view a landlord, absent a contract, has no duty to his tenant to remove from common passageways any natural accumulation of snow and ice. However, a landlord may be liable when a dangerous accumulation or condition has arisen artificially from the landlord's negligent maintenance of the common passageway or some other part of the premises. In Michigan, nonliability to invitees for injuries resulting from natural ice and snow applies to all landowners, including homeowners, store owners and other businessmen * * * . [Citations omitted.] *Bard [supra,]* states the question and answer (pp 330–331):

" 'What duty does the operator of a business owe to invitees of the business with respect to the icy, rutted condition of the business parking lot arising from traffic on natural accumulation of snow?

" '[T]he basic duty of an invitor to an invitee [is] inapplicable to the case before us, which involves a hazard created by natural elements.

" 'Snow falls on invitor, invitee, and all residents of the snow area alike. All are, or should be, aware of the hazards arising from natural accumulations of snow such as icy conditions and ruts from traffic. These are common wintertime hazards to all who live in areas where snow accumulates, and these hazards, without more, give rise to no duty owed by an invitor to an invitee.

" 'Given the conditions that existed in this case, what was the duty that defendant owed to plaintiffs? It was to not increase these natural hazards or create a new hazard by any affirmative act, *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958).' " 54 Mich App 641, 645–646; 221 NW2d 424, 426–427.

On oral argument, plaintiffs offered two reasons for the nonapplicability of the cited Michigan rule. First, plaintiffs contend that the Michigan rule is, in effect, modified by the recent case of *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974), which plaintiffs assert holds that a jury

question is presented as to an owner's responsibility to protect an employee of a subcontractor from risks involved in work on a large construction project. We find *Funk* clearly distinguishable. It concerned employment at high altitudes and, as such, is limited to a higher degree of risk situation. This is totally different from the instant case where the injury occurred at ground level under situations common to all citizens during the winter season. Further, there was evidence that General Motors retained a high degree of control of the building project, by reason of which a jury issue was presented as to whether General Motors was liable for failure to provide suspending nets, safety belts or harnesses.[3]

Second, plaintiff urges this Court to adopt what plaintiff construes to be the more enlightened rule of liability known as the Connecticut Rule. Under that rule, a property owner, though not made ipso facto responsible for a fall on newly fallen snow or accumulated ice, is liable if he either knows or should know of the natural accumulation and fails to act within a reasonable time thereafter. *Fuller v Housing Authority of Providence,* 108 RI 770; 279 A2d 438; 49 ALR 3d 382 (1971); Prosser, Torts (3d ed), § 63, pp 419–420; 2 Harper and James, The Law of Torts, § 27.17, pp 1516–1517. This Court responds to plaintiffs' request in the same manner as it did to a similar plea in *Gossman v Lambrecht,* 54 Mich App 641, 221 NW2d 424 (1974), *lv granted,* 393 Mich 753 (1974). Such a change, if desirable, should be made by the Legislature or the Supreme Court.[4] In fact, the present rule has a

---

[3] *See Funk,* 392 Mich 91, 103, fn 4; 220 NW2d 641, 645–646, fn 4, which also distinguishes *Funk* from the instant case.

[4] "Second, we think that such a change in Michigan law, if desirable, should be made by the Legislature or by our Supreme Court, whose rulings we are bound to fathom and to follow." 54 Mich App 641, 650; 221 NW2d 424, 428.

practicality when applied to the instant case. On a large construction job in an open field area, the pathways trod by workmen will change from time to time as work progresses. To compel the property owner to remove snow or post signs over the area would be unrealistic. The burden imposed would be far more onerous than in the case of sidewalks or parking lots where the pedestrian route remains static.

For these reasons we find no error in the granting of summary judgment.

Affirmed, costs to defendant.

N. J. KAUFMAN, J., concurred.

O'HARA, J. *(concurring in result)*. I concur in the result on the sole and narrow ground that plaintiffs' complaint failed to state a claim upon which relief could be granted.