GREENFIELD CONSTRUCTION COMPANY, INC. v CITY OF
DETROIT

1. JUDGMENT—SUMMARY JUDGMENT—ACCELERATED JUDGMENT—
COURT RULES.

A trial judge may treat a motion for accelerated judgment as a
motion for summary judgment (GCR 1963, 116.1[5], 117.2[1]).

2. JUDGMENT—SUMMARY JUDGMENT—COURT RULES.

A motion for summary judgment based solely on a plaintiff's
failure to state a claim challenges the legal sufficiency of the
pleadings alone (GCR 117.2[1]).

3. APPEAL AND ERROR—SUMMARY JUDGMENT—FAILURE TO STATE
CLAIM.

An appellate court, when reviewing a summary judgment based
on the plaintiff's failure to state a claim, must accept as true
the well-pleaded facts in the plaintiff's complaint and deter-
mine whether these claims are so clearly unenforceable as a
matter of law that no factual development can possibly justify
a right to recovery.

4. PLEADING—CONTRACTS—STATING CLAIM.

Pleadings which allege the existence, modification, and breach of
a contract clearly state a claim upon which relief can be
granted.

5. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF MATERIAL FACT—
COURT RULES.

A summary judgment, awarded on the ground that there is no
genuine issue as to any material fact, must be reversed where
no affidavits have been filed (GCR 117.2[3], 117.3).

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 1.
[2] 73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*
[3] 73 Am Jur 2d, Summary Judgment § 35.
[4, 6] 73 Am Jur 2d, Summary Judgment § 29.
[5] 73 Am Jur 2d, Summary Judgment §§ 2, 17, 18.
[7] 30 Am Jur 2d, Evidence §§ 1016, 1023.

6. CONTRACTS—MODIFICATION—DELAY—ISSUE OF MATERIAL FACT—
   SUMMARY JUDGMENT—COURT RULES.
   In a suit for damages due to delay in performing a construction
   contract, there was a genuine issue of material fact as to
   whether the contract had been modified to nullify a provision
   which barred a suit by plaintiff for damages caused by delay,
   where the contract had been modified regarding the completion
   date, where the modifying document was not a complete and
   integrated expression of the parties' agreement, and where
   extrinsic evidence was required to ascertain the parties' inten-
   tion; therefore, summary judgment for the defendant was error
   (GCR 117.2[3]).

7. EVIDENCE—PAROL EVIDENCE—CONTRACTS.
   Parol evidence is admissible to establish the full agreement of the
   parties where the document purporting to express their intent
   is incomplete.

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted October 9, 1975, at Detroit. (Docket No.
21787.) Decided December 8, 1975. Leave to appeal
denied, 396 Mich 841.

Complaint by Greenfield Construction Company,
Inc. against the City of Detroit for damages for
breach of contract and negligence. Summary judg-
ment for defendant. Plaintiff appeals. Reversed in
part and affirmed in part.

*Fischer, Franklin & Ford* (by *Ralph H. Hough-
ton, Jr.,* and *Brian J. Kott),* for plaintiff.

*Kermit G. Bailer,* Corporation Counsel, and
*John E. Cross, Maureen P. Reilly,* and *Frank
Jackson,* Assistants Corporation Counsel, for de-
fendant.

Before: J. H. GILLIS, P. J., and BRONSON and
T. M. BURNS, JJ.

J. H. GILLIS, P. J. This is an appeal from an
order granting defendant summary judgment

based on plaintiff's failure to state a cause of action, GCR 1963, 117.2(1). We reverse in part and affirm in part.

Plaintiff, Greenfield Construction Company, Inc., entered into a contract with defendant, City of Detroit, requiring plaintiff to install a water main in Lapeer County. The contract provided that if there was a delay in performance, not caused by plaintiff, defendant could or would[1] extend the time for performance. It further provided that plaintiff could not sue for damages arising out of the delay.

Plaintiff was unable to commence work on the scheduled date because Lapeer County refused to issue construction permits to plaintiff. Apparently, the refusal was due to defendant's failure to force other contractors working on defendant's projects to keep the Lapeer County roads passable to traffic. Realizing there would be a delay, plaintiff demanded an extension of time for completion of the project and monetary damages for loss of equipment time, profits, and work efficiency. Defendant rejected plaintiff's demands.

After plaintiff notified defendant that failure to amend the contract would result in rescission by plaintiff, the parties met and worked out an agreement to be submitted to the Board of Water Commissioners (hereinafter referred to as "Water

---

[1] The contract provides:

"An extension of time for completion of the work under the Contract may be granted by the Board, subject to conditions of this Article, but only upon the written application of the Contractor.

"In general, an extension of time will be granted by the Board only if the delay is unavoidable and substantial, not the fault of the Contractor, and could not be reasonably anticipated or adequately guarded against. The Contractor will not be liable for liquidated damages during the period for which time of completion is extended by the City."

We need not decide whether this provision is permissive or mandatory.

Board") for approval.[2] Shortly thereafter, plaintiff's lawyer sent defendant a letter confirming the agreement.[3]

Defendant, by its attorney, responded with a letter, dated January 27, 1967, explaining that there apparently had been a misunderstanding regarding the agreement reached by the parties and that the Water Board would not waive any of defendant's rights under the contract. The letter then stated:

"With this clear understanding, Mr. Remus will make the following recommendations to the Board of Water Commissioners:

"1. That the Board consider an extension of the contract completion date for a period equal to the time between the contractor's scheduled starting date and the actual starting date (which actual starting date must be no later than February 20, 1967), provided that the work is pursued expeditiously. This extension of time, however, may not be construed in any manner as

---

[2] The Board of Water Commissioners, acting on behalf of the City of Detroit, entered into and maintained authority to modify the contract with plaintiff.

[3] That letter, dated January 25, 1967, characterized the agreement as follows:

"1. The date for completion of the contract is extended for a period of 240 consecutive calendar days from the date of commencement of work.

"2. Greenfield's failure to rescind the contract and its commencement of work under the contract are in no way to bar, preclude or otherwise affect its claims and causes of action for (a) its monetary damages for lost equipment time and lost profits, and (b) its monetary damages for losses due to the increased costs of work during weather not contemplated by it as outlined in its letter to you dated November 21, 1966, and as extended to the date work is commenced. I understand Mr. DiPonio informed you on January 16, 1967 that these claims were in the amount of approximately $216,000.

"3. You are to examine Greenfield Construction Company's claims objectively and you are to permit us to examine your files in connection therewith. The Water Board is to render its decision on the claims as promptly as possible but not later than July 1, 1967, so that if the Board's decision is adverse we will be in a position to immediately commence judicial proceedings to recover such losses."

an admission on the part of the City of Detroit that the Contractor's failure to commence work has been due to acts or omissions of the City.

"2. That the Board formally recognize that the Contractor's action in starting work will not be considered in any manner as a waiver of any valid claims for compensation which the Contractor may have against the City of Detroit, and which claims have been tentatively identified in Mr. Fischer's letter of January 25, 1967.

"3. That the Contractor's claims for extras will be promptly and objectively considered when documented and presented in accordance with the contract."

In a reply letter, also dated January 27, 1967, plaintiff's attorney submitted a proposed Water Board resolution virtually identical to paragraph 1 but very different from paragraphs 2 and 3 of defendant's proposal. Plaintiff's proposed paragraphs 2 and 3 stated:

"That the Board formally recognizes that the contractor's action in starting work and its failure to rescind the contract will not be considered in any manner as a waiver of any valid claims and causes of action which the contractor may have against the City of Detroit, and which claims and causes of action have been tentatively identified in Mr. Fischer's letter of January 25, 1967.

"That the contractor's said claims will be promptly and objectively considered when presented, and that the Board agrees to render its decision on said claims not later than July 1, 1967."

The Water Board adopted plaintiff's proposed resolution virtually verbatim.[4] Plaintiff then completed

---

[4] The Water Board changed "grants" to "will grant" in paragraph 1 and added the following language at the end of paragraph 3: "provided said claims have been submitted prior to that date".

the construction work and submitted its claims for damages arising out of the delay.

After the Water Board rejected those claims, plaintiff filed a complaint in Wayne County Circuit Court alleging breach of the modified contract. Later, plaintiff amended the complaint to include a count of negligence based on breach of defendant's alleged duty to require the other contractors to maintain the county roads in passable condition so that the county would issue construction permits to plaintiff. Defendant filed a motion for accelerated judgment under GCR 1963, 116.1(5), which the trial judge construed as a motion for summary judgment under GCR 1963, 117.2(1) and granted. We will first discuss the trial court's order of summary judgment on the contract count.

In considering defendant's motion for accelerated judgment as one for summary judgment under GCR 1963, 117.2(1), the trial judge, in the case at bar, acted in accordance with established practice. *Schimmer v Wolverine Insurance Co,* 54 Mich App 291; 220 NW2d 772 (1974). The standard for review of a GCR 1963, 117.2(1) motion for summary judgment, as set forth in *Borman's Inc v Lake State Development Co,* 60 Mich App 175, 179–180; 230 NW2d 363, 366 (1975), is as follows:

"A motion based solely on subsection 1, challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). [The] job [of] a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint * * * , *Weckler v Berrien County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so 'clearly unenforceable as a matter of law that no factual development can possible [sic] justify a right to recovery'. *Crowther v Ross Chemi-*

*cal & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)."

Although the trial judge in the instant case held that plaintiff failed to state a cause of action, we disagree. We believe plaintiff's pleadings, which allege the existence, modification, and breach of a contract, clearly state a claim upon which relief can be granted.

The trial court's order granting summary judgment is based on an examination of the Water Board resolution and determination that it (the resolution) did not modify the contractual provision prohibiting plaintiff from suing for damages caused by delay. Thus, in reaching his decision, the trial judge went outside the scope of the pleadings and evaluated the factual support for plaintiff's allegations. In so doing, he, in actuality, treated defendant's motion for accelerated judgment as a motion for summary judgment under GCR 1963, 117.2(3).

A motion under GCR 1963, 117.2(3) entitles the moving party to summary judgment where there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316, 320 (1973). GCR 1963, 117.3 states that "[a] motion based upon sub-rule 117.2(3) shall be supported by affidavits, and the opposing party prior to the day of hearing may serve opposing affidavits". In the case at bar, defendant filed no affidavits, and plaintiff apparently received no opportunity to file opposing affidavits. Although this is understandable in light of the fact that neither party viewed the motion as one for summary judgment under GCR 1963, 117.2(3), this Court has held that an order granting a motion under GCR 1963, 117.2(3) must be automatically reversed where no affidavits have been filed. *DeMare Brothers Construction Co, Inc v*

*Teska,* 49 Mich App 642; 212 NW2d 602 (1973), *Lilje v Allstate Insurance Co,* 54 Mich App 378; 221 NW2d 185 (1974).[5]

Nevertheless, we do not rest our decision on that ground. Instead, we reverse because we believe the documents and pleadings submitted on appeal indicate the existence of a genuine issue as to a material fact. Because plaintiff contends and defendant admits[6] the Water Board resolution constitutes a modification of the contractual provision regarding time for performance, that resolution constitutes a modification of the contract. Plaintiff and defendant disagree as to the interpretation of clauses 2 and 3 of that resolution. We believe a reading of those paragraphs indicates that the document does not constitute a complete and integrated expression of the agreement of the parties. Paragraph 2 states that the claims and causes of action discussed therein are identified in a letter of January 25, 1967. One must read that letter to discover that those claims and causes of action are based on the delay in performance of the contract. In addition, the reference, in paragraph 3, to July 1, 1967 is meaningless unless read in connection with the letter of January 25, 1967, explaining that the Water Board decision on plaintiff's claims had to be made by that date so that if the decision was adverse to plaintiff, plaintiff would be in a position to immediately begin judicial proceedings to recover the losses resulting from the delay.

---

[5] *Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975), held that reversal is not required where the failure to file affidavits merely constitutes incidental error. *Creech* determined that summary judgment was appropriate under GCR 1963, 117.2(1) because plaintiff had failed to state a legally sufficient claim. In the case at bar, because the pleadings state a cause of action, *Creech* is inapplicable.

[6] Defendant's answer states: " * * * defendant denies that there was any modification of said contract beyond a commitment by the Board of Water Commissioners to grant an extension of time".

Without that, and perhaps other,[7] extrinsic evidence, no court can determine whether the parties intended the Water Board resolution to amend the contractual provision barring plaintiff from suing for damages caused by the delay.

Because parol evidence is admissible to establish the full agreement of the parties where the document purporting to express their intent is incomplete, *Bosley v Prueter*, 44 Mich App 716, 720; 205 NW2d 861, 863 (1973), the instant case must be reversed and remanded. On remand, defendant is free to submit affidavits in accordance with GCR 1963, 117.3. If, however, such affidavits fail to show that the Water Board resolution is a fully integrated and unambiguous document, trial must be held on the contract count.

Although we reverse as to the contract count, we affirm the order granting summary judgment on the negligence count. Because the negligence count is based on and essentially restates the contract count, it is redundant. Consequently, the trial court did not err in striking it. *Grewe v Mount Clemens General Hospital*, 47 Mich App 111; 209 NW2d 309 (1973).

---

[7] The two letters exchanged on January 27, 1967 also might shed light on the meaning of the Water Board resolution. Plaintiff's letter adds the phrase "and causes of action" to paragraph 2 and deletes the phrase "in accordance with the contract" from paragraph 3 of defendant's proposal. These alterations were included in the Water Board resolution.