EWING v ALEXANDER

Docket No. 78-3902. Submitted June 4, 1979, at Lansing.—Decided October 16, 1979.

Dora M. Ewing was a patient of Donald K. Alexander, M.D., and was committed to the care of St. Joseph Mercy Hospital. Sedative drugs were administered to her and it is alleged that she was unable to obtain response to her assistance signal, and due to her sedated state, she fell and broke her hip while attempting to travel unassisted from her bed to the bathroom. Dora and Gordon Ewing, Dora's husband, brought a malpractice action against Dr. Alexander and the hospital. Plaintiffs alleged that Dora was treated with medications which affected her equilibrium, was allowed to walk unattended in the hospital causing the fall which resulted in a broken hip and that the failure to supervise her walking while she was under medication violated the standard of care required of the defendants. After a lengthy delay plaintiffs listed Dr. Gerald Groat as their only expert witness. Dr. Groat was deposed and, based on his deposition, Dr. Alexander filed a motion to dismiss for failure to make discovery since Dr. Groat was unable to state that Dr. Alexander was guilty of malpractice. The hospital filed a similar motion. At the hearing on these motions the trial court did not treat the motions as a failure to make discovery but as a failure to provide any expert witness to testify to the medical malpractice. Defendants' motions were denied with the court allowing the defendants an opportunity to posture their arguments in the appropriate summary judgment form. At this point in the hearing, plaintiffs' attorney suggested that the court and parties assume that the appropriate motions had

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 16.
[2, 7] 73 Am Jur 2d, Summary Judgment § 27.
[3] 73 Am Jur 2d, Summary Judgment § 22.
[4] 73 Am Jur 2d, Summary Judgment § 35.
[5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 198 *et seq.*
[6] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 202.
[7] 61 Am Jur 2d, Physicians and Surgeons § 213.

been filed which would allow the court to rule immediately. *Washtenaw Circuit Court, Ross W. Campbell, J.,* then granted defendants' motions for summary judgment on the ground that Dr. Groat's depositional testimony was insufficient to support the malpractice claim. Plaintiffs appeal. The questions presented are whether summary judgment was proper and did Dr. Groat's depositional testimony support plaintiffs' malpractice claim. *Held:*

1. The court rules provide that motions for summary judgment must be supported by affidavits. No affidavits were filed by Dr. Alexander or the hospital for purposes of their motions to dismiss. This failure would be sufficient to set aside an entry of summary judgment in most cases. However, it is possible to waive this affidavit requirement and when plaintiffs' attorney suggested that the court and parties assume that the appropriate motions (summary judgment) had been filed, he, as the nonmoving party, affirmatively waived the affidavit requirement and summary judgment could properly be granted by the trial court.

2. The reason Dr. Groat could not state flatly that defendants were negligent was that he had no personal knowledge as to whether Dora Ewing had been in fact allowed to walk unattended or did so against defendants' orders. His testimony did point out, however, that he believed it was negligent to allow a patient receiving Dora's medication to ambulate without assistance, that he had information the patient was encouraged to ambulate independently as much as possible, that in his opinion Dora should have been advised not to walk independently and depending on whether Dora was so warned there could be malpractice either concerning the nursing care or the care by the physician. This testimony could support a claim for malpractice and raise a fact question as to whether Dr. Alexander or the hospital acted in a manner which violated applicable standards of conduct and whether these acts or omissions caused Dora Ewing's injury.

Reversed and remanded.

1. Judgment — Summary Judgment — Motions — Supporting Affidavits — Appeal and Error — Court Rules.

    The court rules require that a motion for summary judgment on the ground that there is no genuine issue as to any material fact "shall be supported by affidavits" and the Court of Appeals will set aside an entry of summary judgment where affidavits were not filed (GCR 1963, 117.2[3], 117.3).

2. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — SUPPORTING
   AFFIDAVITS — WAIVER BY NONMOVING PARTY — COURT RULES.

   The court rule requirement that motions for summary judgments
   "shall be supported by affidavits" may be waived by the non-
   moving party (GCR 1963, 117.3).

3. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — MATERIAL FACTS
   — ESSENTIAL PROOFS.

   A party seeking summary judgment must show that there can be
   no dispute at trial over a fact that is material to the claim or
   defense; if a motion for summary judgment asserts a hiatus in
   essential proofs, the court must be satisfied that it is impossible
   for the claim or defense to be supported at trial because of
   some deficiency which cannot be overcome.

4. JUDGMENT — SUMMARY JUDGMENT — TORTS — MOTIONS — UNDER-
   LYING FACTS — INFERENCES.

   A motion for summary judgment in a tort action requires that
   the movant must present detailed, admissible factual allega-
   tions making out such a clear case as to leave no doubt as to
   his right to judgment and all possible inferences to be drawn
   from the underlying facts presented are made to the benefit of
   the opponent of the motion.

5. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — STANDARD
   OF CONDUCT — ACTS OR OMISSIONS.

   A plaintiff must show, in a medical malpractice case, that the
   doctor or hospital defendant acted in a manner which violated
   applicable standards of conduct and that the act or omission
   cause injury.

6. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — EXPERT
   WITNESSES — PROOF OF MALPRACTICE.

   Generally, a plaintiff may not ask a jury to find medical malprac-
   tice without presenting expert testimony to prove its existence.

7. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE — SUM-
   MARY JUDGMENT — EVIDENCE — STANDARD OF CARE — COMPLI-
   ANCE.

   A hearing on a motion for summary judgment is not a trial on
   the merits and at such a hearing it is sufficient to show that an
   expert witness, in a medical malpractice case, gave his opinion
   in his deposition of the requisite standard of care and that
   certain facts proposed to him do or do not indicate compliance
   with that standard.

*Craig, Fried & Heidt* and *Drillock, Atkins, Schrope & Marcus,* for plaintiffs.

*Franklin, Petrulis & Lichty* (by *James T. Mellon*), for St. Joseph Mercy Hospital.

*Bonisteel, Bailey & Sikorski,* for Donald K. Alexander, M.D.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

V. J. BRENNAN, J. We are called upon to review the lower court's entry of summary judgment in favor of defendants Donald K. Alexander, M.D., and St. Joseph Mercy Hospital in the medical malpractice case at bar.

Plaintiffs, Gordon Ewing and Dora M. Ewing, brought this action alleging that on December 2, 1972, plaintiff Dora Ewing was a patient of defendant Dr. Alexander and was committed to the care of defendant St. Joseph Mercy Hospital. Pursuant to an order from the defendant physician or member of the staff of the defendant hospital, sedative drugs were administered to her. It is then claimed that plaintiff Dora Ewing, being unable to obtain a response to her assistance signal, attempted to walk from her bed to the bathroom, and due to her sedated state, she fell and broke her hip. Plaintiffs further allege that defendants were negligent in failing to warn Mrs. Ewing not to walk unattended and in failing to assist her when she needed to walk. The complaint also set forth that her injury was aggravated by rough and improper treatment following her fall. Plaintiff Gordon Ewing joined the action with a claim for loss of consortium.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The case proceeded to the discovery stage with defendants filing interrogatories requesting plaintiffs to identify the medical expert witnesses who they believed would testify at trial. The answers filed by plaintiffs stated that they had not as yet determined the identity of their experts but would supply the names upon determination. Some 27 months elapsed with plaintiffs making no further effort in this regard. Whereupon, the lower court ordered plaintiffs to supply the list of medical experts. The plaintiff then filed a list which named Dr. Gerald Groat as the only expert witness.

Defendants deposed Dr. Groat with plaintiffs' attorneys present at the deposition. Based on the information disclosed by Dr. Groat at this deposition, defendant Alexander brought a motion to dismiss for failure to make discovery. There defendant claimed that since Dr. Groat was unable to state that defendant was guilty of malpractice, plaintiffs failed to comply with the court's order to disclose any expert witnesses who would testify. Defendant hospital brought a similar motion labeled "motion to dismiss" based on the same grounds.

The lower court was somewhat confused as to the nature of these motions and understood them to be motions for summary judgment based on the failure to provide any expert witness to testify as to the medical malpractice. The plaintiffs' attorney then pointed out that these motions were based on failure to make discovery and the following colloquy took place between the court and defense counsel:

"THE COURT: Are you pressing a motion for failure to grant discovery? They have given discovery.

"MR. PALMIERE: Your Honor, this case arises in an

unusual posture, as they do when they have been in court four years—

"THE COURT: I am going to deny your motion to dismiss on the grounds of failure to grant discovery unless you can tell me wherein he has not given discovery.

"MR. PALMIERE: Your Honor, we asked, and Judge Conlin required, the Plaintiff not simply to name doctors, but to name doctors who will testify—

"THE COURT: He has named his doctors.

"MR. PALMIERE: But they will not testify—

"THE COURT: I will not transmute that order for discovery into a motion for summary judgment. I will allow you to file a motion for summary judgment—

"MR. PALMIERE: Your Honor—

"THE COURT: —alleging that the medical testimony that he has presented does not state a—how would I put it—he has not stated a cause for action, and I think I can take that deposition into consideration, and I can, under General Court Rule 116 or 117, and I can consider that he has no other witnesses on that point, because he has granted discovery and he says he has granted complete discovery."

At this point the defendants' motions were properly denied with the lower court giving the parties the opportunity to posture their arguments in the appropriate summary judgment forum. However, plaintiffs' attorney then suggested that the court and the parties "assume" that the appropriate motions had been filed allowing the court to rule immediately. The lower court accepted the suggestion and ruled that Dr. Groat's depositional testimony was insufficient to support the malpractice claim, and the summary judgment was granted.

Based upon our review of Dr. Groat's deposition we reverse and remand.

Initially we point out certain procedural errors and misapprehensions that occurred below in an effort to clarify the still confused summary judg-

ment procedure. Plaintiffs' attorney devoted much of his argument below and much of his brief on appeal to the fact that he asked no questions at Dr. Groat's deposition since he had no duty to establish a prima facie case at that stage of the proceeding. This position is correct. However, this tenet does not operate to relieve a party from rectifying a gap in essential proof discovered before trial. For instance in the present case if Dr. Groat had opined that under the various hypotheticals presented to him there was no medical malpractice committed, then the plaintiffs would be bound to find another expert who disagreed with Dr. Groat or face dismissal. The plaintiffs' contentions to the contrary are without merit.

The summary judgment pursued in the present case was based on facts outside of the pleadings filed, and as such the applicable court rule is GCR 1963, 117.2(3). 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), 1978 Supp, p 127. As set forth in GCR 1963, 117.3, such a motion "shall be supported by affidavits". No affidavits were filed in the present case which most assuredly led to the confusion below. This Court has repeatedly addressed the affidavit requirement and has not hesitated to set aside an entry of summary judgment where affidavits were not filed. *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973). See *Greenfield Construction Co, Inc v Detroit,* 66 Mich App 177; 238 NW2d 570 (1975), *Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975). In *DeMare* this Court termed the movant's affidavit an "absolute requirement" of the rule and noted:

"Second, while some might regard such an interpretation as overly technical, there is a valid rationale

behind an absolute requirement for the submission of affidavits. Requiring parties to present support for such a motion by affidavits based on personal knowledge (GCR 1963, 116.4) serves to clarify the position of the parties, and to facilitate disposition by the trial court and review of the trial court's decision by the appellate courts. It is relatively easy to read and evaluate an affidavit; by comparison, it is difficult to sift and search through a lengthy deposition in order to determine precisely what evidentiary support a party may be able to muster at trial." 49 Mich App at 645.

The present case illustrates the problem which concerned the *DeMare* Court. Here the parties did not submit affidavits clarifying their positions but merely argued the import of various statements by Dr. Groat out of the context in which the statements were made. The defendants in particular presented a statement by Dr. Groat that he didn't know that there was malpractice. Had the parties filed affidavits the plaintiffs' attorney would have had the opportunity to place the statement in its proper context. The failure of the parties to comply with the affidavit rule must be attributed to the plaintiffs' attorney when he suggested that the various motions to dismiss as filed be treated as motions for summary judgment. Therefore we do not reverse based on the failure to file affidavits since the requirement was affirmatively waived by the nonmoving party.

Our reversal is based upon the conclusion that Dr. Groat's depositional testimony will support the malpractice claim under certain factual situations. The party seeking summary judgment must show that there can be no dispute at trial over a fact that is material to the claim or defense. "If a motion asserts a hiatus in essential proofs, the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of

some deficiency which cannot be overcome." 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), 1978 Supp, p 125. When summary judgment is sought in a tort action the movant must present detailed, admissible factual allegations making out such a clear case as to leave no doubt as to his right to judgment. All possible inferences are made to the benefit of the opponent of the motion. *Durant v Stahlin*, 374 Mich 82; 130 NW2d 910 (1964).

In a malpractice case the plaintiff must show that the doctor or hospital defendant acted in a manner which violated applicable standards of conduct and that the act or omission caused injury. In the case at bar, the plaintiff claimed that she was treated with medications which affected her equilibrium and was allowed to walk unattended in the hospital causing a fall and broken hip. She claims that this failure to supervise her walking while she was under medication violated the standard of care required of the defendants. In order to prove her claim, the plaintiffs would have to prove, at a minimum, that she was given the drugs, that the drugs had an adverse effect on her ability to walk, that she was allowed to walk unaided, that as a result she fell, and that the standard of care to which the defendants were required to adhere required more attention to her walking than was in fact given.

Here the issue was confused when defendants represented to the trial court that Dr. Groat could not state categorically that defendants were in fact negligent. However, this statement came on the heels of defendants' hypothetical questions and factual situations which placed the responsibility for Mrs. Ewing's fall directly on Mrs. Ewing. The doctor had asserted previously that he believed it

was negligent to allow a patient receiving the plaintiff's medication to ambulate without assistance. Dr. Groat stated that he had information that the patient was encouraged by Dr. Alexander to ambulate independently as much as possible. In Dr. Groat's opinion Mrs. Ewing should have been advised not to walk independently by either Dr. Alexander or by the nurses who gave care, and depending on whether Mrs. Ewing was so warned, there was malpractice either concerning the nursing care or the physician. Dr. Groat stated that the physician would be responsible for the fall if he had encouraged this patient to ambulate without help. The reason Dr. Groat could not state flatly that the defendants were negligent was that he had no personal knowledge as to whether Mrs. Ewing had been in fact allowed to walk unattended or did so against the orders of defendants.

In the present case the defendants and the trial court mistook the manner upon which expert testimony is required in a medical malpractice case. Generally, it is true that a plaintiff may not ask a jury to find medical malpractice without presenting expert testimony for its assistance. *Lince v Monson,* 363 Mich 135; 108 NW2d 845 (1961), *Delahunt v Finton,* 244 Mich 226; 221 NW 168 (1928), *Tschirhart v Pethtel,* 61 Mich App 581; 233 NW2d 93 (1975). However the expert need not state unequivocally that malpractice has occurred. It is sufficient to require of an expert witness exactly what Dr. Groat contributed in the case at bar: an opinion of the requisite standard of care and a judgment that certain facts proposed to him do or do not indicate compliance with that standard. By requiring more of the deponent it amounts to a trial on the merits at the summary judgment hearing.

Reversed and remanded. Costs to be awarded to plaintiffs.