BOSLEY v PRUETER

1. EQUITY—SPECIFIC PERFORMANCE—DE NOVO REVIEW.
   A case involving competing claims for specific performance is equitable in nature and equity actions are reviewed *de novo* by the appellate courts.

2. EVIDENCE—PAROL EVIDENCE—CONTRACTS—AMBIGUITY.
   Parol evidence is admissible to determine the intent of the parties to a contract and to show the entire agreement where the contract by its terms is uncertain or ambiguous and the writing obviously does not contain the whole agreement.

3. EVIDENCE—PAROL EVIDENCE—CONTRACTS—LATENT AMBIGUITY—INTENT.
   A purchase agreement that includes the phrase "the above offer is hereby accepted subject to sale of property owned by Barbara M. Prueter" raises the question of a sale to whom; and, since the terms of the agreement as written left this open to question, there is a latent ambiguity and parol evidence is admissible to determine the intent of the parties, and because the intervening defendant is a stranger to such contract who might vary the contract by parol evidence, the testimony of a party to the instrument is admissible.

4. APPEAL AND ERROR—EQUITY—DE NOVO REVIEW—JUDICIAL NOTICE.
   The appellate court in its *de novo* review of an equity proceeding can take judicial notice of the proceedings of the lower courts in the case.

**Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 December 12, 1972, at Lans-**

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 27 Am Jur 2d, Equity §§ 266, 267.
[2] 17 Am Jur 2d, Contracts § 77.
   30 Am Jur 2d, Evidence §§ 1065, 1066, 1069–1074.
   49 Am Jur, Specific Performance § 22 *et seq.*
[3] 30 Am Jur 2d, Evidence § 1073.
   Rule that latent ambiguities may be explained by parol evidence but that patent ambiguities may not. 102 ALR 287.

ing. (Docket No. 12104.) Decided February 21, 1973.

Complaint by Arthur D. Bosley against Martin H. Prueter and Anna Prueter for specific performance of purchase agreements for two parcels of property. Louis R. Schwartz intervened as a defendant and cross-claimed against defendants. Judgment for plaintiff as to one parcel and for intervening defendant as to the other parcel. Defendants Prueter appeal, and the intervening defendant cross-appeals. Judgment as to the parcel awarded to plaintiff reversed and the parcel is awarded to intervening defendant. Judgment as to other parcel affirmed.

*Jack E. Kerr,* for plaintiff.

*Robert J. Moskal,* for defendants.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *George L. DeWit),* for intervening defendant.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

McGREGOR, J. This is a tri-party seller-purchaser case involving Martin and Anna Prueter as defendants and sellers of real estate, and plaintiff Bosley and intervenor Schwartz as purchasers.

Two adjoining and desirable pieces of property are the subject matter of this controversy. One belonged to the Prueters; the second, owned by Barbara M. Prueter, mentally incompetent, was controlled by Martin Prueter as her guardian.

On May 20, 1967, plaintiff Bosley entered into a

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

written contract with the Prueters to purchase both parcels. Two purchase agreements were executed. The purchase agreement for the property owned by Barbara M. Prueter, M. I., properly contained the language, "subject to approval of the probate court". The purchase agreement for the property owned by Martin Prueter and his wife, Anna Prueter, contained the language, "subject to sale of property owned by Barbara M. Prueter".

On June 21, 1967, a "petition for license to sell" was filed with the Probate Court for the County of Saginaw by the appellant, Martin Prueter, and on July 17, 1967, a license to sell was granted. However, prior to the confirmation of sale, certain heirs of Barbara M. Prueter, M. I., filed objections to said sale. A hearing was held and testimony was taken in open court in Saginaw County Probate Court. The attorney for plaintiff Bosley was present at this hearing, and on November 14, 1967, he filed a memorandum brief on behalf of Bosley, in support of Bosley's attempt to have the sale confirmed. Upon completion of the hearing, the probate court took the matter under advisement, but, prior to filing its decision, a new and higher offer was made for the Barbara M. Prueter property by William Johnson, and this new offer was submitted to the probate court. Johnson subsequently assigned his interest in the property to Louis R. Schwartz and, on November 29, 1967, the sale was confirmed by the probate court.

On November 30, 1967, plaintiff Bosley filed a complaint demanding specific performance of both purchase agreements. Thereafter, Schwartz filed a motion to intervene as purchaser of the Barbara M. Prueter property and he also produced a purchase agreement, dated November 17, 1967, to purchase the Martin and Anna Prueter property.

Schwartz claimed he was entitled to specific performance of his contract for the purchase of the Martin and Anna Prueter property, or, in the alternative, damages for breach of contract.

After a lengthy nonjury trial, the circuit court ordered that the Martin and Anna Prueter property should go to plaintiff Bosley, and that the Barbara Prueter property should go to Schwartz, with an additional assessed damage of $9,000 for breach of contract between defendants Prueter and intervenor Schwartz. The actions of Bosley and Schwartz for specific performance are based upon their separate contracts with Martin and Anna Prueter, and with Martin Prueter individually in the case of the Barbara Prueter property.

In construing the Bosley purchase agreements, the circuit court found that no ambiguity existed, and refused to consider parol evidence in determining how the phrase "subject to sale of property owned by Barbara M. Prueter" should be construed.

On appeal, the sole issue is whether the trial court's finding that there was no ambiguity in the two Bosley purchase agreements and the subsequent exclusion of parol evidence concerning the intent of the parties constituted error.

This case is equitable in nature, as it involves competing claims for specific performance by Bosley and Schwartz. Equity actions are reviewed *de novo*. See *Gamble v Hannigan,* 38 Mich App 500 (1972).

A close look at the critical phrase in the Bosley-Prueter purchase agreement is enlightening. Included is the phrase, "the above offer is hereby accepted subject to sale of property owned by Barbara M. Prueter". The question immediately arises, a sale to whom? Neither of the two Bosley-

Prueter purchase agreements answer this question. Unquestionably, the draftsmanship of the two agreements left this open to question. Clearly, there is a latent ambiguity and parol evidence is admissible to determine the intent of the parties. See *Gorsche v First National Bank,* 233 Mich 428, 439 (1926), wherein the Court pointed out that parol evidence is admissible *inter alia* where there is "uncertainty or ambiguity in the terms of the writing, where on its face the writing obviously did not contain the whole agreement". Thus, where a written contract contains only part of the agreement, parol evidence is admissible to show the entire agreement. *Menominee Lumber & Cedar Co v Thomson,* 309 Mich 263 (1944).

In the instant case, it is undisputed that the Bosley-Prueter contract for the purchase of the Martin and Anna Prueter property was conditioned on a prior sale of the Barbara M. Prueter property. Parol or extrinsic evidence is clearly admissible to determine the intent of the parties, *i.e.,* to whom the property must be sold. See *First Baptist Church of Dearborn v Solner,* 341 Mich 209 (1954); *Foster v Ypsilanti Savings Bank,* 299 Mich 258 (1941). See also 11 Michigan Law & Practice, Evidence, § 200, p 387.

There is another reason why parol or extrinsic evidence is admissible to determine the intent of the Bosley-Prueter contract with regard to the sale of the Barbara M. Prueter property. Schwartz is a stranger to the Bosley-Prueter contract and, as such, may vary that contract "by parol evidence to prevent the fraudulent operation of it on his own interest, and to this end the testimony of a party to the instrument is admissible". 11 Michigan Law & Practice, Evidence, § 200, p 388; *Highstone v Burdette,* 61 Mich 54 (1886).

Finally, in our *de novo* review of this equity proceeding, this Court can take judicial notice of the proceedings of the lower courts.

In his memorandum brief, submitted on November 14, 1967, in support of his contention that the Probate Court of Saginaw County should confirm the sale of the Barbara M. Prueter property to him, plaintiff Bosley made the following allegation:

"In other words, Martin H. Prueter, as guardian did not say he would not sell the property of the estate to Arthur D. Bosley unless Arthur D. Bosley also bought the property of Martin H. Prueter and Anna Prueter. *However, the reverse situation exists, in that Martin H. Prueter and Anna Prueter conditioned their offer to sell their own property by stating that they would not sell their own property unless Arthur D. Bosley also bought the property of the estate.* In other words, *there appears to be no question that Martin H. Prueter* was not, in fact, gaining a benefit but he *was, in fact, forcing the prospective buyer to buy the property of the estate."* (Emphasis added.)

Plaintiff Bosley has clearly admitted in a prior judicial proceeding that the intent of the Bosley-Prueter purchase agreement was that, unless Bosley bought the Barbara Prueter property, the Prueters would not sell him their parcel of land.

The trial court's decision granting specific performance of the Martin and Anna Prueter property to plaintiff Bosley is reversed, and it is hereby ordered that intervenor Schwartz is entitled to specific performance on that parcel of land. The damages allowed Schwartz are stricken.

Reversed. No costs.

All concurred.