HOUGHTON v ALFA-LAVAL, INC

Docket No. 112417. Submitted December 5, 1989, at Grand Rapids. Decided May 11, 1990.

Charles F. Houghton and Jeanette K. Houghton brought an action in the Mecosta Circuit Court, Lawrence C. Root, J., against Alfa-Laval, Inc., and Howard's Dairy System, Inc., alleging negligence in the design, installation and maintenance of a milking machine system for their dairy farm and breach of express and implied warranties. The trial court granted defendants' motion for summary disposition on the basis of the running of the four-year limitations period provided for in the Uniform Commercial Code. Plaintiffs appealed.

The Court of Appeals *held*:

1. The damages claimed by the plaintiffs are for economic losses and are not recoverable in tort.

2. The transaction here was a sale of goods with the installation and service incidentally involved. Therefore, plaintiffs' remedies laid exclusively within the UCC and were subject to the four-year limitations period provided for in the UCC.

Affirmed.

1. CONTRACTS — BREACH OF CONTRACT — REMEDIES — ECONOMIC LOSS DOCTRINE.

The economic loss doctrine bars recovery in tort where the relationship between the parties is contractual and the losses alleged are economic.

2. SALES — UNIFORM COMMERCIAL CODE.

The test for exclusion or inclusion from coverage under the Uniform Commercial Code of contracts for mixed goods and services is whether their predominant factor is the rendition of services, with goods incidentally involved, or a transaction of sale, with labor incidentally involved.

REFERENCES

Am Jur 2d, Contracts §§ 441, 521; Sales §§ 39-41, 937.

See the Index to Annotations under Contracts; Sale and Transfer of Property; Uniform Commercial Code.

*Reber, Greer, Schuiteman, Stariha & Greer, P.C.* (by *Paul L. Greer*), for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Bruce M. Bieneman* and *Robert J. Riley*), for Alfa-Laval, Inc.

*Petersmarck, Callahan, Bauer & Maxwell, P.C.* (by *George E. Petersmarck, Jr.*), for Howard's Dairy System, Inc.

Before: MacKenzie, P.J., and Holbrook, Jr., and Weaver, JJ.

Per Curiam. Plaintiffs appeal as of right from an order of the Mecosta Circuit Court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis of the running of the four-year limitations period as provided for in the Uniform Commercial Code, MCL 440.2725; MSA 19.2725. We affirm.

Plaintiffs, owners and operators of a dairy farm, purchased a milking machine system in July, 1976, from defendant Alfa-Laval, Inc. It was installed according to Alfa-Laval's design and instructions by its agent, defendant Howard's Dairy System, Inc.

Plaintiffs represent that they purchased the system in the hopes of increasing milk production. Milk production, however, did not increase despite numerous service calls from Howard's and advice and inspections from several milk production agencies and nutritionists. The cattle in plaintiffs' herd began to experience severe instances of mastitis, losses of a quarter of their udders and decreased milk production. Some of the herd became so sick that they died or were sold off for beef due to nonproductivity. Another problem plaintiffs discovered following the installation of the new system was an unacceptably high cell and bacteria

count in the milk. Plaintiffs also claim that, due to faulty wiring, stray voltage would enter the system and injure the cattle and that there were problems with the system's cooling and vacuum systems.

Plaintiffs allege that it was not until some time in 1984 that they were able to pinpoint their problems as stemming from the improper installation of the machine's washing system. Plaintiffs thereupon filed suit against defendants alleging negligence in design, installation and maintenance of the system and breach of express and implied warranties.

The case before us is factually similar to *Neibarger v Universal Cooperatives, Inc*, 181 Mich App 794; 450 NW2d 88 (1989). In *Neibarger*, plaintiffs sought recovery for alleged medical and production problems with dairy cattle and loss of profits. In upholding the lower court's grant of summary disposition on the basis of the running of the UCC's four-year period of limitations, this Court stated that the damages claimed were economic and not recoverable in tort and that the contract for the milking system was one for the sale of goods with services incidentally involved, rather than a service contract with goods incidentally involved. *Id.* at 802.

In the case at bar, plaintiffs argue that the trial court erred in finding, on the basis of the economic loss theory, that the suit was subject to the UCC's four-year limitations period. We disagree.

As in *Neibarger, supra,* plaintiffs at bar assert that the defective milking system caused medical and production problems with their dairy herd which is, they assert, damage to property other than to the goods themselves and is thus recoverable. In reality, plaintiffs' claimed losses to their herd's potential for production is really just an-

other way of characterizing the fact that they suffered lost profits. As such, the damages claimed are economic and not recoverable in tort. *Neibarger, supra* at 799.

Plaintiffs also argue that the damage was caused by the services performed rather than the goods provided, making the case subject to the statute of limitations set forth in the Revised Judicature Act, MCL 600.5807; MSA 27A.5807, rather than the limitations period set forth in the UCC.

We adopt, as did this Court in *Neibarger, supra,* the test set forth in *Bonebrake v Cox,* 499 F2d 951 (CA 8, 1974), for determining whether mixed contracts for goods and services fall within the UCC. Briefly stated, the test is whether the predominant factor is the rendition of services with goods incidentally involved or is a transaction of sale with labor incidentally involved. *Id.* at 960.

Although neither of the parties produced the contract at issue, there is no allegation that installation and service were separately priced items under the contract. Plaintiffs' complaint only alleges that defendant Alfa-Laval contracted with defendant Howard's Dairy System to install, inspect and maintain its milking machine systems and that plaintiffs contracted with defendant Howard's Dairy System for the purchase and installation of one of defendant Alfa-Laval's systems.

Applying the *Bonebrake* rule to these facts, we conclude that the transaction here was a sale of goods with the installation and service incidentally involved. The losses suffered by plaintiffs were entirely economic. Therefore plaintiffs' remedies laid exclusively within the UCC and were subject to the four-year limitations period which began running upon delivery of the milking system in 1976.

Affirmed.