McFADDEN v IMUS

Docket No. 129577. Submitted November 12, 1991, at Grand Rapids. Decided January 22, 1992, at 9:05 A.M.

Richard McFadden brought an action in the Van Buren Circuit Court against R.A. Imus and R.A. Imus, Inc., alleging breach of contract arising from the uncompleted sale of an automobile dealership by the defendants to the plaintiff. Under the written contract of sale, real property owned by the plaintiff and his wife was to have been transferred to the defendants and the defendants were to have leased the dealership site to the plaintiff. The court, Meyer Warshawsky, J., granted summary disposition for the defendants, ruling that the action was barred by the statute of frauds, MCL 566.106; MSA 26.906, because the plaintiff's wife had not signed the contract. The plaintiff appealed, claiming that the sale was governed by the Uniform Commercial Code, MCL 440.2101 *et seq.*; MSA 19.2101 *et seq.*, and that the absence of a signature by the plaintiff's wife on the contract did not render the contract void under the statute of frauds contained in the UCC.

The Court of Appeals *held:*

1. Because the sale of an automobile dealership may involve the transfer of tangible and intangible property, the reasonable totality of the circumstances determines whether the sale should be governed by the UCC as a sale of goods. The circumstances of this case indicates that the parties' transaction should not be governed by the UCC.

2. The absence of a signature by the plaintiff's wife on the contract rendered the contract unenforceable under MCL 556.106; MSA 26.906, and the parties' failure to indicate the length of the lease rendered the lease invalid under MCL 556.108; MSA 26.908.

Affirmed.

SALES — UNIFORM COMMERCIAL CODE — SALE OF AUTOMOBILE DEALERSHIP.

Whether the sale of an automobile dealership can be considered a

REFERENCES

Am Jur 2d, Sales §§ 50, 51; Statute of Frauds § 130.

What constitutes a transaction, contract for sale, or sale within scope of Article 2 of Uniform Commercial Code. 4 ALR4th 85.

sale of goods subject to the Uniform Commercial Code depends on the reasonable totality of the circumstances; if the transaction involves intangibles, i.e., good will or the value of the business as a going concern, or the transfer of real estate, the code may not apply (MCL 440.2101 *et seq.*; MSA 19.2101 *et seq.*).

*Miller, Johnson, Snell & Cummiskey* (by *Edward R. Post*), for the plaintiff.

*Adams & DuBay, P.C.* (by *Mark DuBay*), for the defendants.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

PER CURIAM. This breach of contract case arises from plaintiff's failed attempt to purchase an automobile dealership owned and operated by defendants R. A. Imus and R. A. Imus, Inc. Plaintiff appeals as of right from a Van Buren Circuit Court order granting defendants summary disposition.

The purported contract between the parties, dated June 7, 1989, provides:

> I, R.A. Imus sell my business to Richard McFadden for $75,000.00. Payments to be made as follows:
> $5,000.00 upon completion of written agreement and approval of Chrysler Motors
> $20,000.00 upon completion of transfer of Franchise agreement
> $15,000.00 for value of home at 108 Park Rd., Bangor, Michigan
> $35,000.00 payment schedule of $50.00 per new car sold until July 1, 1990, at which time balance to be paid in full
> I further agree to not sell any current or two year old or newer Chrysler products.
> I will lease present facilities for $2500.00 per

month. This is to include real estate taxes and care and upkeep of roof of building. Any other maintenance to be McFadden responsibility.

I will secure a lease-rental agreement for two adjoining properties.

First being Lawson Oil Company property for the purpose of employee paking (sic) and new car and truck storage.

Second being known as Kalamazoo Lakeshore & Chicago Railway Co. property for purpose of used and new car display.

Take over management to be on July 1, 1989. Profits from July 1 forward to be McFaddens.

/s/ R.A. Imus

Plaintiff and his wife, Marilyn, were the co-owners of the Park Road property. Shortly after signing this agreement, defendants realized the unfavorable terms of the deal, so the dealership was sold to a third party on August 5, 1989. Plaintiff then filed this breach of contract action and sought to enjoin the sale of defendants' dealership to the third party.

The circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). The court ruled that the Uniform Commercial Code, MCL 440.2101 *et seq.*; MSA 19.2101 *et seq.*, was inapplicable but that the statute of frauds, MCL 566.106; MSA 26.906, was applicable. The court determined that the contract was unenforceable under the statute of frauds because Marilyn McFadden failed to sign it and because essential terms were missing from the contemplated leasehold obligations. The court further ruled that the contract was unenforceable because a condition precedent was not met, namely, that Chrysler Motors did not approve the sale of the dealership.

Plaintiff contends on appeal that the circuit court erred in granting defendants summary dispo-

sition on the ground that the contract was unenforceable under the statute of frauds. Plaintiff maintains that the UCC is applicable and that the contract does satisfy the UCC's statute of frauds because the absence of Marilyn McFadden's signature does not render the contract void. We disagree.

When reviewing a motion brought under MCR 2.116(C)(7), we consider all affidavits, pleadings, and other documentary evidence filed or submitted by the parties. MCR 2.116(G)(5); *Haywood v Fowler,* 190 Mich App 253, 255-256; 475 NW2d 458 (1991). All well-pleaded allegations are accepted as true and are construed most favorably to the nonmoving party. *Id.,* p 256.

When determining whether the UCC applies to a contract for the sale of goods and services, Michigan courts apply the predominant-factor test. *Neibarger v Universal Cooperatives Inc,* 181 Mich App 794, 801; 450 NW2d 88 (1989), lv den 436 Mich 876 (1990), reconsideration gtd 437 Mich 925 (1991); *Houghton v Alfa-Laval Inc,* 184 Mich App 731, 734; 459 NW2d 42 (1990), lv gtd 437 Mich 925 (1991). However, this test is not readily applicable to a contract for the sale of an automobile dealership, which involves intangible assets such as good will. We agree with the circuit court that the rule stated in *DeFilippo v Ford Motor Co,* 516 F2d 1313 (CA 3, 1975), cert den 423 US 912 (1975), is determinative of the issue.

In *DeFilippo,* the court ruled that the "reasonable totality of the circumstances" determines whether the sale of an automobile dealership is governed by the UCC. Accordingly, the court examined the assets sold and noted that no real estate, value for good will, or value for the business as a going concern was involved in the transaction. The

court concluded that the UCC's statute of frauds was applicable. *Id.*

In this case, $15,000 of the $75,000 transaction involved the transfer of the Park Road real estate. Plaintiff characterized the $5,000 down payment and the $35,000 payment schedule as the value for "blue sky." Plaintiff assessed the "hard assets" at $20,000. However, the contract does not designate what the $20,000 purchased, but only states that this amount of money was due upon completion of the transfer of the franchise agreement. Even if we were to construe the $20,000 as consideration for the dealership's goods, this amount comprised less than one-third of the transaction. Consequently, the reasonable totality of the circumstances of this case does not warrant the application of the UCC.

The general statute of frauds, MCL 566.106; MSA 26.906, is applicable. To comport with this statute, a writing transferring an interest in land (other than leases not exceeding one year) must be certain and definite with regard to the parties, property, consideration, premises, and time of performance. *Marina Bay Condominiums, Inc v Schlegel,* 167 Mich App 602, 606; 423 NW2d 284 (1988). By its terms, the statute requires as an essential term that the writing be signed by the parties to be charged.

Plaintiff and his wife, Marilyn McFadden, were co-owners of the Park Road property. Marilyn McFadden failed to sign the contract despite the intended sale of this property in the contract. In the absence of her signature, the contract for the sale of the land was void. *Fields v Korn,* 366 Mich 108; 113 NW2d 860 (1962); *Berg-Powell Steel Co v Hartman Group,* 89 Mich App 423, 427-428; 280 NW2d 557 (1979). Moreover, the parties failed to include in the contract the length of the lease,

which is an essential term of a valid lease. MCL 566.108; MSA 26.908; *Macke Laundry Service Co v Overgaard,* 173 Mich App 250, 254; 433 NW2d 813 (1988). Thus, the purported contract is barred by the statute of frauds.

In light of our decision regarding the statute of frauds, it is unnecessary for us to consider plaintiff's remaining issues on appeal.

Affirmed.