216 Mich. App. 247 (1996)
In re SKOTZKE ESTATE
SCOTT
v.
SKOTZKE
Docket No. 168382.
Michigan Court of Appeals.
Submitted November 21, 1995, at Grand Rapids.
Decided April 9, 1996, at 9:00 A.M.
Leonard J. Buczkowski, for Lynn Scott.
Dobreff & Dobreff (by Edward Dobreff), for George Skotzke.
Before: SAAD, P.J., and MARILYN KELLY and M.J. MATUZAK,[*] JJ.
MARILYN KELLY, J.
George Skotzke appeals as of right from an order allowing consummation of a sale of real estate. He argues that the agreement to purchase the property violated the statute of frauds, as it contained no purchase price. He claims that the court erroneously supplied the missing terms. He claims that the judge erred in rendering his opinion based upon arguments and an affidavit, without providing an opportunity for a full evidentiary hearing. Finally, he asserts that the judge erred in allowing consummation of the sale, there being a conflict of interest in that the fiduciary sold the property to herself. We affirm.
*249 On May 13, 1992, Virginia Skotzke entered into a purchase agreement with her sister, appellee Lynn Scott, for the purchase of a condominium. The agreement was complete except for a purchase price. On May 16, 1992, Virginia Skotzke died intestate. Appellee Scott was appointed personal representative of her sister's estate.
The appellee filed a petition to close the sale of the condominium pursuant to the purchase agreement. Her brother, appellant George Skotzke, opposed the petition.
I
The appellant argues that the purchase agreement violated the statute of frauds, because it lacked a purchase price.
MCL 566.106; MSA 26.906 provides:
No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.
Case law has established that to comport with this statute, a writing transferring an interest in land must be certain and definite. Generally, the parties, property, consideration and time of performance must be included. McFadden v Imus, 192 Mich App 629, 633; 481 NW2d 812 (1992); Marina Bay Condominiums, Inc v Schlegel, 167 Mich App 602, 606; 423 NW2d 284 (1988).
*250 We note however, that a statutory exception comes into play when consideration is lacking in an agreement. MCL 566.109; MSA 26.909 provides:
The consideration of any contract or agreement, required by the provisions of this chapter to be in writing, need not be set forth in the contract or agreement, or in the note or memorandum thereof, but may be proved by any other legal evidence.
In Benedek v Mechanical Products, Inc,[1] the Michigan Supreme Court discussed whether a written memorandum satisfied the statute of frauds. The Benedek memorandum was deficient in that it omitted many aspects of the parties' oral agreement, including the consideration promised. The Court stated that, if consideration were the only deficiency, the statute of frauds would not invalidate it because of the statutory exception. MCL 566.136; MSA 26.925.[2] As early as 1863, the Michigan Supreme Court noted that, while the essential terms must be provided in a contract, there is a statutory exception for consideration. Hall v Soule, 11 Mich 494, 496 (1863).
Appellant argues that there is a difference between price and consideration. He asserts that, while the statute allows consideration to be proven by other evidence, the price must be contained within the four corners of the purchase agreement. We find this argument unconvincing. Here, the consideration and the purchase price were one and the same.
*251 Appellant cites a recently released unpublished opinion of this Court as support for his position. Jankowski v Watson, unpublished opinion per curiam of the Court of Appeals, issued February 10, 1993 (Docket No. 133885). In Jankowski, the agreement also specified all pertinent details except consideration. This Court found that the deficiency barred an action for specific performance under the statute of frauds.
Unpublished opinions do not, of course, furnish binding precedent. MCR 7.215(C)(1). Also, the Jankowski opinion failed to mention whether MCL 566.109; MSA 26.909 had been considered. We find that the statute of frauds must be read in conjunction with MCL 566.109; MSA 26.909. As a consequence, the purchase agreement for this property did not violate the statute of frauds if other legal evidence of the consideration was shown.
II
At the hearing below, appellee introduced evidence of the missing price by way of an affidavit of the real estate agent who witnessed the execution of the purchase agreement. The affidavit indicated that the agreed upon purchase price was the mortgage balance plus closing costs. It had not been added initially to the purchase agreement, because the exact amount could not be readily confirmed.
We must determine whether the affidavit constituted "other legal evidence." Where a contract is clear and unambiguous, parol evidence cannot be admitted to vary it. Central Transport, Inc v Freuhauf Corp, 139 Mich App 536, 544; 362 NW2d 823 (1984). Prerequisite to application of the parol evidence rule is a *252 finding that the parties intended the writing to be a complete expression of their agreement. Id. Parol evidence is admissible to establish the full agreement of the parties where the document purporting to express their intent is incomplete. Greenfield Construction Co, Inc v Detroit, 66 Mich App 177, 185; 238 NW2d 570 (1975).
Here, it is evident that the purchase agreement was incomplete. The agreement indicated that appellee would pay cash for the condominium, but the price was not included. The real estate agent's affidavit was admissible to determine whether the agreement was complete. It stated that the purchase price was not inserted into the agreement, because it could not be ascertained with precision on that date. The affidavit, therefore, was "other legal evidence" under the statute and could establish the purchase price. Bosley v Prueter, 44 Mich App 716; 205 NW2d 861 (1973). We conclude that the parol evidence rule did permit admission of the affidavit.
III
Next, appellant argues that the probate court erred in reaching its decision without providing a full hearing. The issues before the judge were whether the purchase agreement violated the statute of frauds, and whether the affidavit of the broker could be used to insert the purchase price. As to these issues, there was no dispute with respect to the facts, and it became a question of law to be decided by the court. Dykema v Muskegon Piston Ring Co, 348 Mich 129, 138; 82 NW2d 467 (1957). Therefore, a full evidentiary hearing was unnecessary.
*253 IV
Finally, appellee argues that consummation of the sale was improper, because it gave rise to a conflict of interest in that appellee, a fiduciary, sold the property to herself.
MCL 700.642; MSA 27.5642 provides:
The fiduciary making the sale of real or personal property or an interest therein shall not directly or indirectly purchase, or be interested in the purchase of any part of the property so sold, and all sales made contrary to the provisions of this section are void. This section shall not be construed to prohibit a purchase by a fiduciary for the benefit of his ward or by a personal representative when he is given express court authority to make the purchase and after notice to all interested parties and hearing thereon.
We agree with the judge that what is pertinent is the parties' position at the time the agreement was signed. Appellee had no fiduciary capacity at that time. Moreover, each interested party of the estate was notified of the sale, and the court oversaw it. Under the facts of this case, we cannot find a violation of the statute.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] 314 Mich 494, 511-512; 22 NW2d 901 (1946).
[2] MCL 566.136; MSA 26.925 and MCL 566.109; MSA 26.909 are virtually identical. The former applies to goods, the latter to the sale of land. However, the Supreme Court noted that decisions under one section apply equally to similar questions arising under the other. Benedek, supra at 512.