# STATE OF MICHIGAN

# COURT OF APPEALS

---

NICHOLAS DIEDO,

      Plaintiff-Appellee,

v

CITY OF INKSTER,

      Defendant-Appellant,

and

JEFFERY TWARDZIK,

      Defendant.

UNPUBLISHED
October 14, 2014


No. 317155
Wayne Circuit Court
LC No. 12-012693-CK

---

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Defendant City of Inkster appeals as of right the trial court's order denying summary disposition pursuant to MCR 2.116(C)(7) in this declaratory action on governmental immunity grounds. We affirm.

This case arises out of the interaction of off-duty Inkster Police Lieutenant Jeffery Twardzik and plaintiff Nicholas Diedo during the early morning hours of April 14, 2011. Twardzik, after leaving a bar, engaged in a factually disputed car chase with plaintiff. Eventually, the two ended up at a strip mall parking lot in Dearborn Heights, where Twardzik and plaintiff both got out of their vehicles and had an altercation. During that altercation, plaintiff was allegedly injured and brought suit in tort against Twardzik. As that suit progressed, Inkster provided counsel for Twardzik's defense. Shortly before trial, however, Inkster indicated that it did not necessarily consider itself liable, nor would it pay for, any damages against Twardzik. In response, plaintiff filed the present suit, seeking a declaratory judgment that Inkster would be required to indemnify Twardzik, under Inkster's municipal insurance policy and "other agreements" if Twardzik were found liable in the collateral suit.

Inkster moved the trial court for summary disposition pursuant to MCR 2.116(C)(7), arguing that it was immune from suit under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Plaintiff insisted that the current action was a declaratory judgment action,

-1-

which did not fall under the GTLA. Inkster believed that the suit was just an avenue for plaintiff to avoid the GTLA, and the action was actually a tort action seeking to find Inkster vicariously liable for the actions of Twardzik. The trial court denied the motion, holding that its decision depended upon whether Twardzik was in the course of employment during the aforementioned incident, and that there was a question of material fact for a jury regarding that question.

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). "When reviewing a motion brought under MCR 2.116(C)(7), we consider all affidavits, pleadings, and other documentary evidence filed or submitted by the parties. All well-pleaded allegations are accepted as true and are construed most favorably to the nonmoving party." *McFadden v Imus*, 192 Mich App 629, 632; 481 NW2d 812 (1992) (internal citations omitted). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). The applicability of governmental immunity and its statutory exceptions are also reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Summary disposition is proper where no relevant factual dispute exists regarding whether a claim is barred pursuant to MCR 2.116(C)(7). *Id*.

The governmental tort liability act (GTLA) provides that "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). "[N]on-tort causes of action are not barred by immunity *if* a plaintiff successfully pleads and establishes such a cause of action." *Borg-Warner Acceptance Corp v Dep't of State*, 433 Mich 16, 19; 444 NW2d 786 (1989) (emphasis in original). "'[T]ort liability' as used in MCL 691.1407(1) means all legal responsibility arising from a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages." *In re Bradley Estate*, 494 Mich 367, 385; 835 NW2d 545 (2013). "If the wrong alleged is premised on the breach of a contractual duty, then no tort has occurred, and the GTLA is inapplicable." *Id*. at 389.

Plaintiff's action in this case is clearly premised in contract law. Plaintiff alleges that Inkster has a duty to indemnify Twardzik "by the terms of its municipal insurance policy and other agreements[.]" Plaintiff's complaint never alleges that Inkster is vicariously liable for Twardzik's actions under the doctrine of respondeat superior, although both plaintiff and Inkster arrange their briefs as if that were the current suit. In sum, plaintiff's suit is for the trial court to declare Inkster's obligation to indemnify Twardzik under its insurance and other agreements. Because that question relies on Inkster's "contractual duty, . . . no tort has occurred, and the GTLA is inapplicable." See *Bradley Estate*, 494 Mich at 389. As such, the trial court properly denied Inkster's motion for summary disposition.

Inkster also argues that, even if it is not protected by governmental immunity, summary disposition is still appropriate because there is no evidence that Inkster is required to indemnify Twardzik. We refuse to consider this argument. This is an appeal as of right from the trial court's denial of Inkster's motion for summary disposition on the grounds of governmental immunity. MCR 7.203(A)(1); MCR 7.202(6)(a)(v). "An appeal from an order described in MCR 7.202(6)(a)(iii)-(v) is limited to the portion of the order with respect to which there is an

appeal of right." MCR 7.203(A)(1). "[I]n an appeal by right from an order denying a defendant's claim of governmental immunity, such as this one, this Court does not have the authority to consider issues beyond the portion of the trial court's order denying the defendant's claim of governmental immunity." *Pierce v Lansing*, 265 Mich App 174, 182; 694 NW2d 65 (2005). Because this issue presented by Inkster is beyond the scope of governmental immunity, we will not consider it during this appeal.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering